Louis F. IRACI and Angelo J. Paliotto,
Plaintiffs,

v.

Thomas E. SCANLON, Director of Internal Revenue, First District, Brooklyn, New York, and United States of America, Defendants.

No. 61-C-187.

United States District Court
E. D. New York.

Dec. 12, 1961.

Walter T. Kohn, New York City, for plaintiffs.

Joseph P. Hoey, U. S. Atty., for Eastern Dist. of New York, Brooklyn, N. Y., Robert L. Handros, Washington, D. C., of counsel, for defendants.

MISHLER, District Judge.

The defendant moves pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C., to dismiss the amended complaint on the ground that the Court lacks jurisdiction over the subject matter, and the failure to state a claim upon which relief can be granted.

The amended complaint states that DuBois Concrete Products Corporation (DuBois) owed withholding and employment taxes from April 1, 1953 to December 31, 1954. Plaintiffs were officers but neither " * * * was in charge of the duty of preparing and filing employment tax, withholding and other employment taxes on behalf of 'DuBois'. * * * " On February 21, 1957, defendant made a 100% penalty assessment against plaintiffs pursuant to 26 U.S.C. § 2707(a) (d) of the Internal Revenue Code of 1939, and § 6672 of the Internal Revenue Code of 1954. The claim further states that between October 1952 and December 1954, DuBois was the prime subcontractor for Hudson Contracting Corporation (Hudson), general contractor for the construction of a roadway, pursuant to a contract with the Department of Public Works of the State of New York. Further, that during this period, Hudson was in complete control of the management of the affairs of DuBois; that Hudson actually withheld and retained the moneys upon which the claimed tax liability against the plaintiffs arises; and that litigation is presently pending and undetermined in the State court concerning the moneys so claimed to be withheld and retained by Hudson.

Plaintiffs seek declaratory judgment nullifying and voiding the assessments, vacating and setting aside tax liens and enjoining the defendant from attempting collection of the same.

The question presented by this application is whether this is a claim brought " * * * for the purpose of restraining the assessment or collection of any tax * * * " in violation of 26 U.S.C. § 7421.[1]

1. "§ 7421. Prohibition of suits to restrain assessment or collection.

"(a) Tax.—Except as provided in sections 6212(a) and (c), and 6213(a), no

suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." Formerly known as R.S. § 3224.

The broad right given the Government to collect taxes imposed without hindrance or delay stems from the obvious need of the Government for money to carry on its functions. Cadwalader v. Sturgess, C.C.A.1924, 297 F. 73. The statute originally enacted from which 26 U.S.C. § 7421(a) is derived was the Act of March 2, 1867, 14 Stat. 475, which became R.S. § 3224. The original enactment was expository of the general rule that a suit would not lie to restrain the collection of a tax upon the sole ground of its illegality. Miller v. Standard Nut Margarine Co., 284 U.S. 498, 509, 52 S.Ct. 260, 76 L.Ed. 422. The Courts have held that this enactment did not oust the Court from it historic equity jurisdiction to protect the citizen who was not liable to the Government and whose property was in danger of seizure and sale by the taxing authorities. Shelton v. Gill, C.A.N.C.1953, 202 F.2d 503.

In Miller v. Standard Nut Margarine Co., supra, the Court stated, at page 509 of 284 U.S., at page 263 of 52 S.Ct. as follows:

"Independently of, and in cases arising prior to the enactment of the provision (Act of March 2, 1867, 14 Stat. 475) which became Rev.St. § 3224 * * *, this court, in harmony with the rule generally followed in courts of equity, held that a suit will not lie to restrain the collection of a tax upon the sole ground of its illegality. The principal reason is that, as courts are without authority to apportion or equalize taxes or to make assessments, such suits would enable those liable for taxes in some amount to delay payment or possibly to escape their lawful burden, and so to interfere with and thwart the collection of revenues for the support of the government. And this court likewise recognizes the rule that, in cases where complainant shows that in addition to the illegality of an exaction in the guise of a tax there exist special and extraordinary circumstances sufficient to bring the case within some acknowledged head of equity jurisprudence, a suit may be maintained to enjoin the collector. Dows v. Chicago, 11 Wall. 108 [20 L.Ed. 65]; Hannewinkle v. Georgetown, 15 Wall. 547 [21 L.Ed. 231]; State Railroad Tax Cases, 92 U.S. 575, 614 [23 L.Ed. 663]. * * * The section does not refer specifically to the rule applicable to cases involving exceptional circumstances. The general words employed are not sufficient, and it would require specific language undoubtedly disclosing that purpose, to warrant the inference that Congress intended to abrogate that salutary and well-established rule. * * * It has never held the rule to be absolute, but has repeatedly indicated that extraordinary and exceptional circumstances render its provisions inapplicable. Hill v. Wallace, 259 U.S. 44, 62 [42 S.Ct. 453, 66 L.Ed. 822]; Dodge v. Osborn, supra [page 121 of 240 U.S., 36 S.Ct. 275]; Dodge v. Brady, supra [240 U.S. 122, 36 S.Ct. 277, 60 L.Ed. 560]. Cf. Graham v. du Pont, 262 U.S. 234, 257 [43 S.Ct. 567, 67 L.Ed. 965]. Brushaber v. Union Pacific R. Co., 240 U.S. 1 [36 S.Ct. 236, 60 L.Ed. 493, L.R.A. 1917D 414]."

The defendant asserted a liability against the plaintiffs pursuant to § 2707 (a) and (d) of the Internal Revenue Code of 1939.[2] The liability provided by the

---

2. "§ 2707. Penalties

"(a) Any person who willfully fails to pay, collect, or truthfully account for and pay over the tax imposed by section 2700 (a), or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty of the amount of the tax evaded, or not paid, collected, or accounted for and paid over, to be assessed and collected in the same manner as taxes are assessed and collected. No penalty shall be assessed under this subsection for any offense for which a penalty may be assessed under authority of section 3612.

section is not a tax liability as such but rather a penalty (as the section is captioned) for the willful evasion. The penalty under § 2707(a) is not described as a tax but directs that the penalty assessed shall be " *   *   * collected in the same manner as taxes are assessed and collected."

If the statement of the claim is taken as true, it would further appear that the plaintiffs are not such persons "*   *   * who as such officer, employee, or member is under a duty to perform the 'act," as required by paragraph (d) of § 2707; nor are the plaintiffs such persons as are "*   *   * required to collect, truthfully account for, and pay over any tax imposed *   *   *." as described by § 6672 of the Internal Revenue Code of 1954.[3]

The factual situation in Botta v. Scanlon, 2 Cir., 288 F.2d 504 (1961) appears to be similar to the material facts set forth in the complaint. The Court of Appeals of this Circuit, reviewing the language of § 6672 to determine the intent of the section, said the following at page 506:

"Not every 'officer' or 'employee' of a corporation is subject to the 'penalty' but only if he be 'under a duty to perform the act,' namely, be responsible for making the deductions and payments. The assessment provisions relating to a 'tax' also refer to 'penalties.' *   *   * A fair reading of the relevant sections shows an intent to impose a 'penalty.' The only 'person' liable for such penalty is the 'person required to collect, truthfully account for, or pay over any tax *   *   *.' As additional proof that the penalty is addressed to specific individuals, it applies solely to those who 'wilfully' fail to collect and/or pay over. Were a person in no manner obligated to collect or pay over the tax, any assessment against him or seizure of his property to pay a penalty imposed against another would scarcely seem consistent with that protection, whether it be called equity, due process or merely common sense justice, which our system of jurisprudence purportedly bestows upon our citizens."

The opinion further restates a principle stated by the Court of Appeals in National Foundry Co. of New York v. Director of Internal Revenue, 2 CR IR, 1956, 229 F.2d 149, 151, that where the tax is clearly illegal or where other special circumstances of an unusual character are present, the plaintiff may appeal to the equity jurisdiction of this Court.

See also Adler v. Nicholas, 10th Cir. 1948, 166 F.2d 674, 678, and Communist Party, U.S.A. v. Moysey, D.C.S.D.N.Y. 1956, 141 F.Supp. 332, cited with approval in Botta v. Scanlon, supra.

Motion is denied. Settle order on two days notice.

## On Reargument

Application by defendant for leave to reargue decision dated December 12, 1961. Plaintiff has properly pointed out that the motion has not been made pur-

---

"(d) The term 'person' as used in this section includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs. 53 Stat. 290."

3. "§ 6672. Failure to collect and pay over tax, or attempt to evade or defeat tax.
    "Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable. Aug. 16, 1954, 9:45 a. m., E.D.T., c. 736, 68A Stat. 828."

suant to 9(m) of the General Rules. Plaintiff points out that this application is not timely made. The Court agrees that the procedure employed by the defendant is improper and the application is untimely.

Defendant argues that the effect of 26 U.S.C. § 6671(a) [1] was to place the penalty imposed in the same class as taxes assessed and thereby subject to the prohibitions contained in 26 U.S.C. § 7421(a). Authority cited in the district courts appear to sustain this view; Rosner v. McGinnes, 167 F.Supp. 44 (E.D. Pa.); McAllister v. Dudley, 148 F.Supp. 548 (W.D.Pa.); Hendley v. A. R. Knox, 133 F.Supp. 36 (Minn.); Casale v. Pedrick, 72 F.Supp. 848 (S.D.N.Y.) In the cases cited, the plaintiff failed to show special facts and circumstances. In Enochs v. Green, 270 F.2d 558 (C.A.5th), the Court found that mere financial inconvenience is not a circumstance upon which equitable relief can be granted. In Enochs v. Williams Packing & Navigation Co., Inc., 291 F.2d 402 (1961), 5 Cir., the Court, citing with approval Allen v. Regents of University System, 304 U.S. 439, at pages 448–449, 58 S.Ct. 980, at page 984, 82 L.Ed. 1448, said as follows:

> "The statute [§ 7421 of Internal Revenue Code of 1954] is inapplicable in exceptional cases where there is no plain, adequate, remedy at law. This is such a case, for here the assessment is not of a tax payable by respondent but of a penalty for failure to collect it from another."

See also Botta v. Scanlon, 288 F.2d 504 (1961) 2d Cir. quoted in the original opinion.

The Court finds special and unusual circumstances upon which the plaintiff may assert an equitable right to relief. It is not necessary to this Court's decision to determine whether this Court has jurisdiction in every case where the government seeks payment from one who is not the original or primary taxpayer.

Leave to reargue is granted and upon such reargument the original decision is adhered to.

Submit order on two days notice.

---

1. "§ 6671(a) Penalty assessed as tax.— The penalties and liabilities provided by this subchapter shall be paid upon notice and demand by the Secretary or his delegate, and shall be assessed and collected in the same manner as taxes. Except as otherwise provided, any reference in this title to 'tax' imposed by this title shall be deemed also to refer to the penalties and liabilities provided by this subchapter."