**Louis F. IRACI and Angelo J. Paliotto, Plaintiffs,**

v.

**Thomas E. SCANLON, Director of Internal Revenue, First District, Brooklyn, New York, and United States of America, Defendants.**

**Civ. A. No. 61-C-187.**

United States District Court
E. D. New York.
June 7, 1963.

Walter T. Kohn, New York City, for plaintiff.

Joseph P. Hoey, U. S. Atty., Eastern District of New York, Brooklyn, N. Y., Stanley F. Meltzer, Asst. U. S. Atty., of counsel, for defendant.

MISHLER, District Judge.

Motion by plaintiffs for summary judgment. Motion by defendants for summary judgment.

The Court previously (December 12, 1961) passed on the sufficiency of the complaint when it was attacked on motion made pursuant to Rule 12(b) of the Federal Rules of Civil Procedure (202 F.Supp. 42) and the reargument of the determination (opinion dated January 30, 1962—202 F.Supp. 44).

Another Judge of this Court again passed on related questions when plaintiffs moved to strike the second and third stated defense of the answer pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

Subsequent to the determinations originally made, the Court of Appeals of this circuit in Botta v. Scanlon, 1963, 2 Cir., 314 F.2d 392, and the Supreme Court in Enochs v. Williams Packing & Navigation Co., Inc., 1962, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 further defined the right of a taxpayer to enjoin the collection of a tax under the doctrine pronounced in Miller v. Standard Nut Margarine Co. of Florida, 1932, 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422, and the sweep of the proscription stated in 26 U.S.C. § 7421(a).[1]

Defendants offer no proof in support of its motion and in opposition to plaintiffs' motion except an affidavit by a trial attorney of the Department of Justice. The affidavit contains conclusory statements that "At the time of this suit the District Director of Internal Revenue * * * believed in good faith * * * that the plaintiffs were officers of DuBois Concrete Products Corporation who were under a duty to pay over to the United States the withholding and social security taxes of said corporation for the second quarter of the year 1953 through the first quarter of 1954 and for the fourth quarter of the year 1954 * * *." The affidavit denies some of the paragraphs enumerated in the affidavits of the plaintiff Angelo J. Paliotto, his accountant Max Trachtman and plaintiff's attorney Walter T. Kohn.

The affidavits and exhibits in support of plaintiffs' application show:

That DuBois Concrete Products Corporation was liable for withholding and social security taxes for quarterly periods ending June 30, 1953, September 30, 1953, December 31, 1953, March 31, 1954 and December 31, 1954, in the sum of $8,261.25. On February 21, 1957, 100% penalty assessments were made against plaintiffs pursuant to § 2707(a) and (d) of the Internal Revenue Code of 1939 and § 6672 of the Internal Revenue Code of 1954.

From December 1952 until on or about December 31, 1954, DuBois was engaged in the construction of Sunrise Highway from Great River to Patchogue on Long Island, New York. This work was performed pursuant to a contract entered into with Hudson Contracting Corporation (Hudson). Hudson was a general contractor by virtue of a contract with the Department of Public Works of the State of New York, and the United States Road Administration of the United States Department of Commerce.

All the labor employed by DuBois during the subject tax periods "was used solely for the performance of the contract by Hudson." (Aff. Angelo J. Paliotto p. 6). Upon certification by DuBois of its payroll for actual labor pursuant to its

1. § 7421(a) prohibition of suits to restrain assessment or collection.

contract with Hudson, Hudson deposited the payroll to a special account which was controlled by Hudson (Aff. Trachtman p. 2). Hudson deducted the withholding and social security taxes and deposited only the net payroll to the special account (Aff. Trachtman p. 2 and exhibit of payroll on Hudson form for week ending September 10, 1954). The monies representing withholding and social security taxes were retained by Hudson. The accountant for DuBois filed the corporate tax forms signed by plaintiffs as officers without remittance when Hudson refused to sign the check representing such taxes due.

In the Court's opinion of January 30, 1962, it noted that jurisdiction was founded on the special circumstances of the case and not on the derivative nature of the penalty assessed under § 2707 (a) and (d) of the Internal Revenue Code of 1939 and § 6672 of the Internal Revenue Code of 1954. The Court of Appeals in Botta v. Scanlon, (Feb. 18, 1963), supra, classified such assessments as a tax, subject to the prohibition contained in 26 U.S.C. § 7421.

To determine jurisdiction inquiry must be made as to " * * * whether the Government has a chance of ultimately prevailing * * *." Enochs v. Williams Packing & Navigation Co., supra, 370 U.S. p. 7, 82 S.Ct. p. 1129. " * * * Only if it is then [at the time of suit] apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained. Otherwise the District Court is without jurisdiction, and the complaint must be dismissed." (id., 370 U.S. p. 7, 82 S. Ct. p. 1129).

More is required of the Government, than protestations of good faith and conclusory statements of plaintiffs' tax liability, to defeat jursidiction. In this connection, the offer of plaintiffs to confer with the representatives of the Internal Revenue Service on December 20, 1956 is significant. The answer to the sworn statement of plaintiffs' attorney is simply—"Denied." The opportunity to make the inquiry to determine the liability of the plaintiffs, and the truth or falsity of their allegations, was afforded defendants. It is further interesting that, to the factual statements made by plaintiff Angelo J. Paliotto and his accountant Max Trachtman under oath and hereinabove referred to, the answer of defendants was simply "denial of knowledge or information."

Defendants' motion for summary judgment is denied.

Plaintiffs' motion for summary judgment must also be denied. The Court cannot infer non-liability of the plaintiffs from the facts submitted. It is for the trial court to determine whether plaintiffs were under a duty, as officers of DuBois, " * * * to pay, collect and truthfully account for and pay over * * * " the social security and withholding taxes due. Empire Electronics Co., Inc. v. United States, 1962, 2 Cir., 311 F.2d 175.

Settle orders on two (2) days notice.