Irving **MONSKY**, Plaintiff,

v.

Edward J. **FITZGERALD**, Jr., United States District Director of Internal Revenue for the District of Manhattan, New York, Defendant.

No. 68–C–213.

United States District Court
E. D. New York.

Oct. 17, 1968.

Marvin Preminger, Brooklyn, N. Y., for plaintiff.

Joseph P. Hoey, U. S. Atty. for Eastern District of New York, Brooklyn, N. Y., for defendant; Howard L. Stevens, Asst. U. S. Atty., John S. Kingdon, Trial Atty., Tax Division, Department of Justice, Washington, D. C., of counsel.

## MEMORANDUM AND ORDER

WEINSTEIN, District Judge.

Irving Monsky (plaintiff) brings this action to enjoin the collection of income taxes, penalties and interest assessed against him in 1952 for the years 1944, 1945, 1946, and 1947, totaling $292,707.-24. He contends that the assessment is invalid and that, even if legal, it is barred by the statute of limitations. The government has moved to dismiss for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction. For the reasons indicated below, the motion is denied.

Subdivision (a) of section 7421 of title 26 of the United States Code states that "no suit for the purpose of restraining the * * * collection of any tax shall be maintained" in the federal courts. Notwithstanding this prohibition, the Supreme Court has declared that such a suit may be brought in a district court "if it is clear that under no circumstances could the Government ultimately prevail." Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962). In addition, the taxpayer must show that he "would suffer irreparable injury if collection were effected." Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962).

There is little doubt that the latter requirement has been met in the present action. Plaintiff is threatened with the loss of his life insurance policies and his business should the government choose to levy on them. He is unable to avail himself of the other remedy available to him—pay the taxes and sue for a refund —since it would be, he alleges, impossible for him to raise the necessary funds.

Whether plaintiff has met the first requirement—inability of the government to prevail on any valid theory of tax collection—presents a closer question. While the government need only show that it is acting in good faith to defeat jurisdiction, this burden is not met by mere "protestations of good faith and conclusory statements of plaintiff's tax liability." Iraci v. Scanlon, 219 F.Supp. 796, 798 (E.D.N.Y. 1963). Plaintiff alleges that the assessment is "illegal, unreasonable, [and] arbitrary" because "it resulted from the disallowance of all purchases of merchandise in * * * [his] business while defendant assessed taxes based on the resale of said merchandise." He states that he can verify these expenditures, but has never been afforded an opportunity to do so. In response, the government has

merely asserted that the "complaint does not allege facts that show that the assessment is a mere exaction."

We need not now decide whether this issue of invalidity of the assessment is enough in itself to provide a basis for jurisdiction. Plaintiff's allegations of delays in government processing of this case do state a valid claim for relief.

Plaintiff contends that the assessment, even if legal, is barred by the statute of limitations. 26 U.S.C. § 6502 (six years from date of assessment). The statute prohibits collection unless "the levy is made or the proceeding begins" within six years of the tax assessment or prior to extensions of that period agreed upon before the expiration of the period as extended. It reads as follows:

"(a) Length of period.—Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—

(1) within 6 years after the assessment of the tax, or

(2) prior to the expiration of any period for collection agreed upon in writing by the Secretary or his delegate and the taxpayer before the expiration of such 6-year period (or, if there is a release of levy under section 6343 after such 6-year period, then before such release).

The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon. The period provided by this subsection during which a tax may be collected by levy shall not be extended or curtailed by reason of a judgment against the taxpayer."

Admittedly plaintiff signed waivers of the statute of limitations in 1962, 1965, and 1967. They purport to extend the running of the statute until 1972. Plaintiff, however, sets forth two reasons why these waivers are invalid.

First, he argues that even taking into account the tolling and extension of the statute caused by his submission of offers in compromise, the statute had already run prior to the time he signed the first waiver. The government sharply disputes this contention and has offered its own documented chronology. These documents, if they are valid, seem to refute plaintiff's contention that the statute had run. There is some question of fact as to whether the taxpayer could have understood them to mean what the government contends they mean. *Cf.* United States v. Morgan, 213 F.Supp. 137 (S.D.Tex. 1962) (parties did not intend multiple offers of compromise to be cumulative).

Second, plaintiff alleges that the extensions are not valid because he signed the waivers under duress after an Internal Revenue Service agent threatened that unless he signed them, "the government would come after me and begin to confiscate my home, my business, and all my property." This contention was made by plaintiff in an affidavit dated July 29, 1968, submitted in response to the government's motion to dismiss. The complaint is deemed amended to include this allegation.

The government concedes, as it must, that if plaintiff could demonstrate that the statute of limitations had run, he "might" be entitled to an injunction. See, *e.g.*, Mitsukiyo Yoshimura v. Alsup, 167 F.2d 104 (9th Cir. 1948). It contends only that "mere allegations of coercion" do not satisfy the heavy burdens that the plaintiff must meet to invoke this Court's jurisdiction. No evidence has been submitted by the government on this score. Since we must assume on this motion that plaintiff is in a position to submit evidence supporting his allegations, the government's skepticism furnishes no warrant for granting its motion to dismiss.

This assumption is not inconsistent with the Supreme Court's pro-

nouncement in Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7, 82 S.Ct. 1125, 1129 (1962) that jurisdiction is lacking unless "under the most liberal view of the law and facts, [it is apparent that] the United States cannot establish its claim." On a motion to dismiss, this test is applied only after the factual allegations of the complaint have been construed in a manner most favorable to the pleader. Under "the most liberal view of the law and facts" as deemed established by the pleadings, we are unable to say that the plaintiff has not met "the requirement of showing that the United States cannot under any circumstances prevail." Vuin v. Burton, 327 F.2d 967, 969 (6th Cir. 1964). See also, e.g., Botta v. Scanlon, 314 F.2d 392 (2d Cir. 1963).

The motion is denied.

So ordered.