Richard K. HEADLEY, Myles H. Johns and William F. Johns, Jr., Plaintiffs,

v.

A. R. KNOX, as Director of Internal Revenue, Defendant.

Civ. No. 2735.

United States District Court
D. Minnesota, Third Division.

Aug. 4, 1955.

Cummins, Cummins, Hammond & Ames, by Linus J. Hammond, St. Paul, Minn., for plaintiff.

George E. MacKinnon, U. S. Atty., Keith D. Kennedy, Asst. U. S. Atty., St. Paul, Minn., for defendant.

DONOVAN, District Judge.

This matter comes before the Court on an Order to Show Cause why a preliminary injunction should not issue, enjoining and restraining the defendant from collecting or attempting to collect monies and property of the plaintiffs under and by virtue of warrants of distraint.

A short statement of the pertinent facts is as follows: Plaintiffs were the officers of a corporation known as the St.

Paul Basketball, Inc. The corporation sought to conduct professional basketball activities in the City of St. Paul, but, suffering financial reverses, was adjudicated a bankrupt in 1951. The defendant subsequently levied penalty assessments against the plaintiffs, claiming that they were liable therefor because, as officers of the corporation, they failed to account for and pay over taxes collected and withheld by the corporation.[1]

Both parties concede the penalty assessments provided for in 26 U.S.C.A. § 1718(c) and (d), and § 2707(a), contemplate the failure to pay over must be "wilful."

Plaintiffs, in seeking an injunction, assert that the tax assessed is a criminal penalty; that they are denied their constitutional right by such arbitrary assessment, and that they are without an adequate remedy at law.

Defendant contends that the penalties provided for in Title 26 U.S.C.A. §§ 2707 (a) and 1718(c) are civil, not criminal, and that therefore § 7421(a), I.R.C.1954, 26 U.S.C.A. (formerly 26 U.S.C.A. § 3653(a), bars the maintenance of an action to enjoin the collection of the tax; that plaintiffs do have an adequate remedy at law, namely, the payment of the tax and claim for refund; and lastly, that the moving papers do not constitute a sufficient showing to justify the intervention of equity.

■ The Court, having reviewed the file and considered the briefs of counsel, is of the opinion that the contention of the defendant is judicially sound. As will be hereinafter noted, it would appear that, under the present decisions, the type of penalty herein asserted is of a civil nature, and within the scope of the word "tax", as used in the applicable statutory provision.[2]

■ Where reasonable redress is available, as in the instant case, actions to enjoin the collection of civil penalties are not favored by the courts. The voice of controlling authority has recognized and differentiated the principles applicable to civil and criminal penalties.[3]

Counsel earnestly argues that the plaintiffs are not the "taxpayers", and therefore cannot make claim and recover what they paid for the reason that, if they are civil penalties, they merge into and become the tax.[4]

■ Although the rule may appear at times to be a harsh one, where the taxpayer is in financial straits, nonetheless

1. In the bankruptcy proceedings, the sum of $776.20, more or less, was paid to the United States to apply on the tax indebtedness. Based on returns made, the United States asserts that the plaintiffs commingled the taxes (constituting a trust fund) with other receipts of the corporation, and are liable for the difference, plus penalties.

2. 26 U.S.C.A. § 3653, entitled "Prohibition of suits to restrain assessment or collection", reads as follows:
"(a) Tax. Except as provided in sections 272(a), 871(a) and 1012(a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."
The court in Reams v. Vrooman-Fehn Printing Company, 6 Cir., 140 F.2d 237, has held that civil penalties are administrative penalties and are within the meaning of "tax" as that word is used in title 26 U.S.C.A. § 3653(a).

3. In Spies v. United States, 317 U.S.

492, at page 495, 63 S.Ct. 364, at page 366, 87 L.Ed. 418, the court commented as follows:
"The penalties imposed by Congress to enforce the tax laws embrace both civil and criminal sanctions. The former consist of additions to the tax upon determinations of fact made by an administrative agency and with no burden on the Government to prove its case beyond a reasonable doubt. The latter consist of penal offenses enforced by the criminal process in the familiar manner."
Actions to enjoin the collection of civil penalties have been held barred.
Reams v. Vrooman-Fehn Printing Company, supra; John J. Casale, Inc., v. Pedrick, D.C.N.Y., 72 F.Supp. 848; Helvering v. Mitchell, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917; Plunkett v. Commissioner, 1 Cir., 118 F.2d 644.

4. Plaintiffs cite "the only case found in the Reports", Cascade County, Montana, v. Penwell, D.C.Mont., 67 F.Supp. 253.

in the matter at bar there is merit in the defendant's contention that the affidavit in support of the motion is not a sufficient showing to that effect. Also, the point urged by plaintiffs that they have no adequate remedy at law [5] is not too persuasive, in the light of the argument of defendant that the assessment herein was not for the taxes, but for the penalties assessed against plaintiffs, and not for penalties assessed against others than plaintiffs.

For the foregoing reasons, therefore, it is concluded that the necessary circumstances justifying injunctive relief are lacking [6], and hence the motion of the plaintiffs for a temporary injunction must be, and is hereby denied.

It is so ordered.

Plaintiffs are allowed an exception.

5. Plaintiffs cite Regents of University System of Georgia v. Page, 5 Cir., 81 F.2d 577.

6. Dyer v. Gallagher, 6 Cir., 203 F.2d 477, 479.