**William W. YATES and Mabel Reed Yates, Petitioners,**

v.

**H. J. WHITE, District Director of Internal Revenue of the United States of America at Springfield, Illinois, Respondent.**

**Civ. No. 2304.**

United States District Court
S. D. Illinois, S. D.
June 4, 1957.

Costigan, Wollrab & Yoder, Bloomington, Ill., for petitioners.

John B. Stoddart, Jr., U. S. Atty., Springfield, Ill., for respondent.

MERCER, District Judge.

William W. Yates and his wife, Mabel Reed Yates, petitioners herein, are partners in the Reed-Yates farm, a family partnership. William W. Yates was the Secretary and Treasurer of the Corn Belt Motor Company and the Yates Motor Company during the periods ending September 30, 1955 and December 31, 1955. In September, 1956 the Commissioner of Internal Revenue assessed the sum of $2,997.99 against William W. Yates, as the responsible officer of the Corn Belt Motor Company, for failure of that corporation to pay the withholding taxes of their employees for the last two quarters of 1955. The Commissioner also assessed William W. Yates as a responsible officer of the Yates Company, Inc., the sum of $1,863.23 for failure of that corporation to pay the withholding taxes of his employees for the last two quarters of 1955. In January, 1955, assessment of additional income taxes for 1947 was made against William W. Yates in the sum of $8,904.29, plus penalties and interest of which amount the sum of $3,-452.86 remains unpaid.

On February 14, 1957 the petitioners as taxpayers received a notice that certain assets were seized by the Director for the nonpayment of delinquent taxes in the sum of $9,967.02. The property

distrained upon was the taxpayer's partnership interest in the Reed-Yates farm situated near Towanda, Illinois. The taxpayer was an officer of the Corn Belt Motor Company and the Yates Motor Company which had been previously seized by the Director of Internal Revenue for the nonpayment of taxes. This action is brought to restrain the collection of taxes and penalties assessed against the taxpayer, the penalties resulting from his failure to pay over federal taxes withheld by him from wages of employees.

It is the contention of the taxpayer that he is not personally liable for the taxes and penalties of the Corn Belt Motor Company and the Yates Motor Company, and that even if he were so liable the Director may not distrain upon his partnership interest for the satisfaction of any taxes or penalties.

The questions presented are whether this court has jurisdiction to enjoin the collection for the failure of the taxpayer to collect as a responsible officer of the Corn Belt Motor Company and the Yates Motor Company, certain withholding taxes from the wages of employees of those companies, and secondly, whether the partnership interest of William W. Yates is subject to distraint for the satisfaction of delinquent taxes and penalties. The pertinent statutes involved are Sec. 6671, Internal Revenue Code of 1954, 26 U.S.C.A. § 6671, which provides as follows:

"The penalties and liabilities provided by this subchapter shall be paid upon notice and demand by the Secretary or his delegate, and shall be assessed and collected in the same manner as taxes. Except as otherwise provided, any reference in this title to 'tax' imposed by this title shall be deemed also to refer to the penalties and liabilities provided by this subchapter. * * * The term 'person', as used in this subchapter, includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member, is un-

der a duty to perform the act in respect of which the violation occurs."

Section 6672, 26 U.S.C.A. § 6672 provides as follows:

"Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable."

The other statute involved herein is Section 7421, Internal Revenue Code of 1954, 26 U.S.C.A. § 7421, entitled, "Prohibition of suits to restrain assessment or collection," which provides as follows:

"Except as provided in sections 6212(a) and (c), and 6213(a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

The decision in this case involves a construction of the above-mentioned statutes and particularly a construction of Section 7421(a) of the Internal Revenue Code and whether or not the petition states facts fully sufficient to bring petitioner's case within the exceptions recognized by the federal courts to said Section 7421(a). Section 7421(a) evidences the sense of Congress of the evils to be feared if courts of justice could in any case interfere with the process of collecting the taxes on which the government depends for its continued existence. The Act is founded in the simple philosophy that the payment of taxes has to be enforced by summary and stringent means against a reluctant and often adverse sentiment and to do this successfully other instrumentalities and other modes of procedure are necessary than those which belong to courts of justice.

Injunctive relief is available to taxpayers where exceptional circumstances are shown; this being true despite the prohibitive language of Section 7421(a) of the Internal Revenue Code. When it is made to appear by proper allegations in the petition that the rights and property of a taxpayer will be utterly destroyed if he is compelled to pay a tax that is not, in fact, his obligation, and the pursuit of his remedy by suit for the recovery will not adequately restore him that which he has lost, a court of equity may take jurisdiction to grant relief in advance of payment notwithstanding the prohibition in Section 7421(a).

The Court has considered all of the cases cited by the petitioners and after a review of said cases is of the opinion that these cases are unlike the case at bar. In the case of Midwest Haulers, Inc., v. Brady, 6 Cir., 128 F.2d 496, the taxpayer was a common carrier and its principal assets were certificates of convenience and necessity granted it pursuant to Motor Carriers Act 1935, 49 U.S.C.A. § 306 (a), such property not being subject to sale. The Collector proposed to distrain and sell the rolling stock of taxpayer in satisfaction of delinquent taxes, interest and penalties. Such a sale would have left the taxpayer's franchises barren and worthless and the taxpayer without recourse to recoup his loss.

The case of John M. Hirst and Company v. Gentsch, 6 Cir., 133 F.2d 247, is also distinguishable for the facts showed that if collection of the taxes was enforced by distraint, appellant's business as a going concern would be destroyed. It is clear from the facts in that case that the value of certain intangible assets which the taxpayer owned like those in the Midwest Haulers, would have been destroyed by the sale of tangible assets and the loss of the intangibles could not be recovered in money. The property involved herein is a farm with no intangible assets which would be destroyed by a sale of tangible assets.

This Court is not convinced that seizure and sale of the property herein will ruin the petitioner financially and the Court is of the opinion that the petitioner has an adequate remedy both through administrative procedure and after the payment of the tax a procedure for refund is available. Under these circumstances it is the opinion of the Court that this is not a proper case for injunctive relief. Hardship in raising money with which to pay taxes is now common to all taxpayers but this is not a special circumstance conferring equity and jurisdiction upon the courts to prevent collection by injunctive process.

The Court is not convinced that remedies of Mr. Yates are inadequate or that the partnership business will be utterly and totally destroyed as contended by the petitioner. It is the opinion of the Court that the facts in this case do not bring the case within the exceptions recognized and that by the provisions of Section 7421(a) this Court is prohibited to restrain the assessment or collection and therefore it is ordered by the Court that the motion to dismiss is hereby allowed and said petition is dismissed.