Michael BOTTA, Ernest Montagni and Salvatore Santaniello, Plaintiffs,

v.

Thomas E. SCANLON, District Director of Internal Revenue for the District of Brooklyn, New York, Defendant.

Victoria LEE and Joseph Needle, Plaintiffs,

v.

Thomas E. SCANLON, District Director of Internal Revenue for the District of Brooklyn, New York, Defendant.

Nos. 60-C-239, 61-C-502.

United States District Court
E. D. New York.

Nov. 9, 1961.

**900**

Daniel H. Greenberg, New York City, for plaintiffs.

Joseph P. Hoey, U. S. Atty., Brooklyn, N. Y., by Jon H. Hammer, Asst. U. S. Atty., Brooklyn, N. Y., of counsel, for the District Director of Internal Revenue.

RAYFIEL, District Judge.

The defendant moves to dismiss the complaints in these actions, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C. The plaintiffs move under Rule 65 of the said Rules for a preliminary injunction enjoining and restraining the defendant from enforcing the 100% penalty assessments filed against them.

The complaints in both actions are substantially similar. They allege that the plaintiffs, who are officers and/or stockholders of defunct corporations which owe the Government withholding and social security taxes, are persons against whom the defendant has levied 100% penalty assessments pursuant to Section 6672 of the Internal Revenue Code of 1954, (Title 26 U.S.Code) but that the plaintiffs did not wilfully fail to withhold, collect and pay over the aforesaid taxes and, hence, are not liable for the said 100% penalty assessments. They further allege that the liens filed against them and the demands made by the defendant to enforce the assessments are causing them irreparable harm and damage, and threaten to reduce them to a state of complete destitution. The complaints pray for the following relief:

1. To declare null and void, and to vacate and set aside, the 100% penalty assessments made by the defendant pursuant to Section 6672, *supra*.

2. To enjoin the defendant from collecting the aforesaid penalty assessments.

3. To vacate and cancel the tax liens filed by the defendant.

4. To vacate and annul the demands for payment and notices of levy issued and served against the plaintiffs.

5. To enjoin the defendant from enforcing and collecting the aforesaid penalty assessments made and issued against the plaintiffs under the aforesaid demands for payment and notices of levy.

Judge Bartels dismissed the original complaint in the Botta case in an opinion reported in D.C., 187 F.Supp. 856, without giving the plaintiffs an opportunity to amend their complaint. The Court of Appeals, 2 Cir., 288 F.2d 504, 508 modified Judge Bartels' decision by permitting such amendment, so that the plaintiffs could "allege facts showing that Section 7421 is inapplicable to them." The plaintiffs in that case thereafter served and filed the amended complaint which is the subject of one of the motions herein.

The defendant, in both cases at bar, has repeated the arguments made before Judge Bartels and the Court of Appeals in the Botta case. Judge Moore's opinion in that case, reported in 288 F.2d 504, disposed of all of them when he decided that the plaintiffs there would be permitted to replead facts showing that Section 7421 of Title 26 U. S. Code was not applicable to them. That Section provides that "(a) Tax.—Except as provided in sections 6212(a) and (c), and 6213(a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

Judge Moore pointed out that this prohibition was subject to various exceptions, and cited cases illustrating many of them. He stated in 288 F.2d at page 506 of his opinion: "The basis for the decision below was the injunctive bar of Section 7421. We had rather recently recognized that 'it has long been settled that this general prohibition is subject to exception in the case of an individual taxpayer against a particular collector where the tax is clearly illegal or other special circumstances of an unusual character make an appeal to equitable remedies appropriate.' National Foundry Co. of N. Y. v. Director of Int. Rev., 2 Cir., 1956, 229 F.2d 149, 151."

He went on to say, at page 508, "Plaintiffs may or may not be able to allege facts showing that Section 7421 is inapplicable to them. However, a reasonable construction of the taxing statutes does not include vesting any tax official with absolute power of assessment against individuals not specified in the statutes as persons liable for the tax without an opportunity for judicial review of this status before the appellation of 'taxpayer' is bestowed upon them and their property is seized and sold. A *fortiori* is the case where the liability is asserted by way of a penalty for a willful act."

What are the special circumstances pleaded by plaintiffs in the cases at bar?

In the Botta case they allege that liens were filed against parcels of real estate owned by certain of the plaintiffs; that the salaries of the plaintiffs have been attached on at least one occasion; that this conduct on the part of the defendant has reduced or is threatening to reduce them to a state of complete destitution; and that the actions of the defendant in attempting to enforce the 100% penalty assessment is causing and will continue to cause them irreparable harm and damage.

In the Lee and Needle case, the plaintiff Lee alleges that she is a widow with two children, and is a self-employed, free lance designer; and that the action of the defendant in demanding payment and in collecting payments on account of the 100% penalty assessment against her is threatening to reduce her to a state of complete destitution, and causing her irreparable harm and damage. The plaintiff Needle alleges that he is a resident of the State of Florida, where he and his wife own a piece of property as tenants by the entirety; that he has had a coronary thrombosis, and that the action of the defendant in attempting to collect the 100% penalty is aggravating his illness and reducing him to a state of complete destitution.

The aforesaid complaints allege financial hardship will follow in the event the plaintiffs should be required to pay the 100% penalty assessment. In my opinion that is not a sufficient showing of "special circumstances of an unusual character" to entitle the plaintiffs to equitable relief.

Judge Moore pointed out in the Botta case, supra, at page 508, "We recognize, of course, the many cases which hold that a taxpayer against whom an assessment is made must pay the tax and bring an action to recover the payment. Thus, the amount of the tax, its legality or even constitutionality are not to be tested by injunctive action to restrain collection. *Nor do 'special and extraordinary' circumstances embrace financial hardship in making the payment.*" (Emphasis mine.)

This is especially true in the light of the ruling in Steele v. United States, 8

Cir., 280 F.2d 89, which held that a taxpayer against whom a claim is made for withholding taxes need pay the tax for only *one* employee for *one* quarter to be permitted to make claim for a refund and to institute suit for recovery. I am sure that the plaintiffs in both cases at bar are financially able to make such a payment without reducing themselves to a state of destitution.

Accordingly, the complaints herein are dismissed. However, the plaintiffs are given leave to file and serve amended complaints (if they wish to avail themselves of an opportunity to conform to the requirements of Steele v. United States, supra,) within forty day after the service upon the plaintiffs of the orders to be entered herein, with notice of entry. In view of this decision the plaintiffs' motions for injunctions pendente lite are denied. However, in order to maintain the status quo the temporary restraining orders which were heretofore granted are continued for the period in which the plaintiffs may, under this decision, file the amended complaints.

Settle orders on notice.