Michael BOTTA, Ernest Montagni and Salvatore Santaniello, Appellants,

v.

Thomas E. SCANLON, District Director of Internal Revenue for the District of Brooklyn, New York, Appellee.

No. 190, Docket 27408.

United States Court of Appeals Second Circuit.

Argued Jan. 17, 1963.

Decided Feb. 18, 1963.

On Rehearing March 8, 1963.

Daniel H. Greenberg, New York City (Marvin Margolis, New York City, on the brief), for appellants.

Ralph A. Muoio, Dept. of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Joseph Kovner, Dept. of Justice, Washington, D. C., Joseph P. Hoey, U. S. Atty., East-

ern District of New York, Brooklyn, N. Y., on the brief), for appellee.

Before LUMBARD, Chief Judge, and MEDINA and WATERMAN, Circuit Judges.

LUMBARD, Chief Judge.

This is an appeal from an order of the United States District Court for the Eastern District of New York, Rayfiel, J., dismissing the appellants' complaint. 198 F.Supp. 899 (1961). On appeal from a prior dismissal of their complaint, 187 F.Supp. 856 (E.D.N.Y.1960), this court modified the order of the district court so as to permit the appellants to file an amended complaint, and remanded the case to the district court for that purpose. 288 F.2d 504 (2 Cir., 1961). We find that the complaint, as amended, was properly dismissed and affirm the order below.

The amended complaint alleges that the Thru-County Plumbing and Heating Co., Inc., adjudicated a bankrupt in February 1958, owed various withholding and employment taxes to the federal government for periods comprising part of 1956, all of 1957, and part of 1958. During this time the appellants were officers and/or major stockholders of the corporation. Failing to recover the taxes, the Internal Revenue Service made penalty assessments against the appellants pursuant to the provisions of § 6672, Internal Revenue Code of 1954, which makes "any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof" liable for a penalty assessment equal to the amount of the tax unpaid. The complaint further alleges that none of the appellants ever had the duty of preparing the tax returns in question nor did any of them sign or file the returns, and that none of them is liable for the penalty assessment under § 6672. The Internal Revenue Service served demands for payment of the penalty on the appellants, filed notices of tax liens against them, and levied on their assets. Also alleged are facts intended to show that these acts of the Internal Revenue Service threaten to impoverish and are impoverishing the appellants, causing them irreparable injury. They seek an injunction restraining the Service from collecting the assessments and other appropriate relief.

Section 7421(a) of the Internal Revenue Code, with exceptions not relevant here, prohibits all suits "for the purpose of restraining the assessment or collection of any tax * * *." The appellants argue that assessments under § 6672 are in the nature of a penalty and that they do not come within the prohibition of § 7421(a) against suits to restrain the collection of a "tax." But it is expressly provided in § 6671(a) of the Code that "except as otherwise provided, any reference in this title to 'tax' imposed by this title shall be deemed also to refer to the penalties and liabilities provided by this subchapter [including § 6672]." There is no provision to the contrary applicable to § 6672.

So far as we have been able to discover, every court which has considered the question has ruled that suits to restrain the collection of assessments under § 6672 or the comparable provisions of the 1939 Code are prohibited. Enochs v. Green, 270 F.2d 558 (5 Cir., 1959); Reams v. Vrooman-Fehn Printing Co., 140 F.2d 237 (6 Cir., 1944); Heller v. Scanlon, 196 F.Supp. 832 (E.D. N.Y.1961); Lipsig v. United States, 187 F.Supp. 826 (E.D.N.Y.1960); Yates v. White, 152 F.Supp. 320 (S.D.Ill.1957); Headley v. Knox, 133 F.Supp. 36 (D. Minn.1955). We agree with the result reached in these cases. The nature of the penalty imposed, which is an assessment equal to the amount of the tax not paid, shows that § 6672 is simply a means for ensuring that the tax is paid, and does not impose a criminal liability. Compare § 7202 of the Code, which provides a criminal penalty for the willful failure to collect and pay over taxes. In a case like the present, where the amount

of the tax was withheld from the employees but not paid over to the government by the corporation, so that the assessment brings to the government only the same amount as that to which it was entitled by way of the tax, there is no reason to doubt that Congress meant what it said in § 6671(a) and that collection of the assessment can no more be prevented by injunction than could the original tax. Since the assessments here were made against the appellants, their reference to cases in which the government sought to satisfy the tax obligation of one out of the property of another, e. g., Bullock v. Latham, 306 F.2d 45 (2 Cir., 1962), are inapposite.

The appellants argue that even if § 7421(a) is applicable, their case falls within an exception to it by reason of their showing of irreparable injury. Since this case was last before us, the Supreme Court has made it clear in Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L. Ed.2d 292 (1962), that a showing of irreparable injury is insufficient to overcome the barrier of § 7421(a). In that case, the Supreme Court said that only where there is no adequate remedy at law *and* "it is clear that under no circumstances could the Government ultimately prevail" can a suit for an injunction be maintained.[1] Id. at 7, 82 S.Ct. at 1129. The appellants have not met that double burden.

There may be some doubt about the ultimate liability of appellant Montagni, since it is alleged that he was not at any time an officer or employee of the bankrupt corporation and § 6671(b) of the Code states that the word "person" as used in § 6672 "includes an officer or employee of a corporation * * *." But Montagni was a substantial stockholder of the corporation, and for aught that appears in the complaint he may also have been a director. It may well be that the reference to officers and employees in § 6671(b) is exemplary and not exclusive. In United States v. Graham, 309 F.2d 210 (1962), the Ninth Circuit held that a director could be liable under § 6672, saying that the word "person" was not strictly limited to officers and employees, but included "all those so connected with a corporation as to be responsible for the performance of the act in respect of which the violation occurred." Id. at 212. We need not decide that question now. It is sufficient that the appellants have not met the requirement of showing that under a view of the law most favorable to the government, it cannot establish its claim. No more is required of the government than that it act in good faith. Williams Packing and Navigation Co., supra, 370 U.S. at 7. Since the appellants have not shown that the government has not so acted here, their complaint was properly dismissed.[2]

Affirmed.

On Petition for Rehearing.

PER CURIAM.

As plaintiffs-appellants have expressed their desire to pay the tax assessment in whole or in part, file a claim for refund and sue to recover such refund, it would seem a preferable procedure for

---

1. Any implication in Botta v. Scanlon, 288 F.2d 504 (2 Cir., 1961) and National Foundry Co. of New York v. Director of Internal Revenue, 229 F.2d 149 (2 Cir., 1956) that either one of these circumstances may alone be sufficient is overruled by Williams Packing and Navigation Co., supra.

2. The district court found that the appellants' allegations of financial hardship did not present "special circumstances" sufficient to maintain their suit. Compare our prior opinion in this case, 288 F.2d at 508, where we said that the "special and extraordinary circumstances" which permit a suit to restrain the collection of taxes do not "embrace financial hardship in making the payment." Since we dispose of the case on other grounds, we do not consider whether, under the bifurcated requirement established by Williams Packing and Navigation Co., the allegations of financial hardship were sufficient to show that there was no adequate remedy at law.

them to commence a new action upon the basis of these new facts after they have taken place. To facilitate this procedure, and in the interest of substantial justice, we amend our mandate and decision herein and direct that the order appealed from be affirmed without costs, and that the District Court be directed to dismiss the action, without prejudice, also without costs.