**UNITED STATES of America,**
**Plaintiff,**

v.

**Joseph CASNER, Jr., Second Federal Savings and Loan Association of New Haven, Bowl-Mor Co., Inc., Defendants.**

**Civ. No. 11713.**

United States District Court
D. Connecticut.

March 29, 1967.

Ronald A. Ginsburg, Tax Division, Dept. of Justice, Washington, D. C. (Jon O. Newman, U. S. Atty., Hartford, Conn., Robert D. Glass, Asst. U. S. Atty., New Haven, Conn., on the brief) for plaintiff.

Joseph Casner, Jr., pro se.

TIMBERS, Chief Judge.

In this civil action brought by the United States, pursuant to 26 U.S.C. § 7403, to reduce to judgment certain tax liabilities assessed against defendant Casner, and to foreclose tax liens against two parcels of real property situated in Madison, Connecticut and owned by defendant Casner, the said defendant has moved for a temporary injunction to restrain the final transfer of certain real property located in West Haven, Connecticut, which property, formerly owned by defendant, had been sold at public auction by the Internal Revenue Service on March 18, 1966 for the purpose of collection of unpaid taxes.

Defendant Casner claims that the public sale of his West Haven property was effected in an irregular manner, and that a properly conducted sale would result in receipt of a purchase price sufficient to eliminate his entire tax debt.

It is the government's contention that the sale was properly conducted, and that injunctive relief may not be granted for the purpose of restraining government

action taken in order to effect collection of taxes.

A full hearing having been held on March 20, 1967, and the briefs by the respective parties having been considered, together with the other papers on file, the Court accordingly makes the following findings of fact, conclusions of law and order, pursuant to Rule 52(a), Fed.R.Civ.P.

## FINDINGS OF FACT

1. Upon defendant Casner's non-payment of certain taxes owed the United States, certain real property situated in West Haven and owned by defendant was seized on November 12, 1965 by an agent of the Internal Revenue Service.

2. Notice of seizure was mailed to said defendant that same day.

3. Also on November 12, 1965, notices of sealed bid sale were posted in various public places and mailed to numerous real estate businesses and financial institutions. The notices described the realty and included the following conditions of sale:

(a) if the total bid was $200 or less, the full bid price must accompany the bid;

(b) if the total bid was more than $200, the larger figure of either $200 or 20% of the bid price must accompany the bid;

(c) acceptance of the highest valid bid submitted under the above conditions further necessitated payment of the balance in full within 30 days.

4. On December 20, 1965, an agent of the Internal Revenue Service opened the three sealed bids received, in the presence of the three bidders.

5. The first bid was by defendant Casner, for $40,000, submitted without the 20% deposit and therefore rejected as invalid.

6. The second bid was by Robert R. Casner (son of defendant Casner), for $25,000, accompanied by the requisite 20% deposit of $5,000.

7. The third bid was by Dennis J. Donahue, Jr., for $5,000, also accompanied by the requisite 20% deposit, but rejected as the smaller of the two valid bids.

8. The property was declared sold to Robert R. Casner, but the balance was not paid within the prescribed 30 day period, and the sale was therefore declared void and the deposit forfeited.

9. On March 7, 1966, notices of public auction sale of the property in question were posted in public places and also published in the New Haven Journal-Courier.

10. On March 18, 1966, the public sale was conducted by an agent of the Internal Revenue Service, and the property sold to the highest bidders, Herbert D. Fischer and Charles H. Fischer, Jr., for $15,000.

## CONCLUSIONS OF LAW

1. The seizure and subsequent sale of defendant Casner's real property in West Haven were valid, and were conducted properly in every respect.[1]

2. No injunction may be issued with respect to the transfer of such property in any event; since defendant Casner has failed to show both an absence of adequate legal remedy[2] and any illegality in the tax itself, the Court has no power to restrain government action taken for the purpose of completing the process of revenue collection.[3]

Defendant Casner's motion for a temporary injunction denied.

1. See Int.Rev.Code of 1954, §§ 6331 and 6335, 26 U.S.C. §§ 6331 and 6335 (1964).

2. The defendant has made no attempt to exercise his right to redeem the property within one year after the sale, as provided by Int.Rev.Code of 1954, § 6337 (b), 26 U.S.C. § 6337(b) (1964).

3. See Int.Rev.Code of 1954, § 7421(a), 26 U.S.C. § 7421(a) (1964); Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962); Botta v. Scanlon, 314 F.2d 392, 394 (2 Cir. 1963); see also Falik v. United States, 343 F.2d 38, 43 (2 Cir. 1965); cf. Milliken v. Gill, 211 F. 2d 869 (4 Cir. 1954), cert. denied, 348 U.S. 827 (1954).