Helen GORDON, Plaintiff,

v.

**UNITED STATES TREASURY DEPARTMENT, INTERNAL REVENUE SERVICE, Defendant.**

No. 69–C–559.

United States District Court,
E. D. New York.

Nov. 6, 1970.

Helen Gordon, plaintiff pro se by Morris Gordon, her father; Charles R. Rattoballi, Valley Stream, N. Y., for plaintiff.

Edward R. Neaher, U. S. Atty., Brooklyn, N. Y., for defendant by Michael F. Crawford, Asst. U. S. Atty., of counsel.

## MEMORANDUM AND ORDER

JUDD, District Judge.

Defendant has moved on jurisdictional grounds to dismiss a complaint which seeks to enjoin the government from levying against plaintiff's salary and real property for taxes assessed against corporations which plaintiff asserts were owned and managed by her parents, and to recover judgments for amounts already collected from her salary.

*Facts*

The contentions of the parties appear from the complaint, answer, affidavits on a prior motion for injunction, and affidavits and memorandum on the present motion. The motion should be considered on the assumption that plaintiff will be able to prove the allegations which she makes.

Plaintiff's parents, Morris Gordon and Sara Gordon, were the owners, directors and officers of Pyramid Flooring Corporation and two other corporations in the flooring business. The corporations failed to pay federal withholding taxes of various sorts amounting to over $4,-000.

Plaintiff asserts that she was not an officer, director or stockholder of any of the corporations. A bank signature card on one corporate account listed "H. Gordon" as president and treasurer and the signature "H. Gordon" appeared on the card, but plaintiff asserts that she did not know of the resolution, that the signature is not in her handwriting, and that she did not authorize anyone to place her signature there.

Plaintiff is employed as a secretary in a corporation located in Manhattan. She owns a house on Bessemund Avenue in Far Rockaway in which her parents live. She acquired it by deed dated October 22, 1966 from Melvin and Sylvia Horowitz. The consideration indicated by the tax stamps was $12,500 above a first mortgage of $17,600. She immediately placed a second mortgage of $10,-000 on the property in favor of one Harry Krasner.

Defendant asserts that the transfer of the house was made without consideration in order to defraud creditors, including the United States. Plaintiff's parents lived in the house at the time plaintiff acquired it. The government apparently bases its claim against the plaintiff on I.R.C. §§ 6671 and 6672,

providing for assessments due to the failure by corporate officials to pay certain corporate taxes.

A notice of levy was filed with plaintiff's employer, resulting in the collection of $189.00; and a notice of seizure was filed against her property. Further collections from her pay and further steps for foreclosure of the lien on the house have been held in abeyance pending the determination of this motion.

The notice of levy gives the name "Helen Gordon" under the caption, "Taxpayer." There is no showing of an assessment having been made against her personally as a taxpayer.

### Statutes

A limitation on the federal court's jurisdiction to entertain suits to restrain the collection of federal taxes is set forth in Section 7421(a) of the Internal Revenue Code of 1954, which reads:

"(a) *Tax.*—Except as provided in sections 6212(a) and (c), 6213(a), and 7426(a) and (b) (1), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."

■ The exception most applicable to the case under discussion arises under Section 7426, which provides in its pertinent parts:

"(a) *Actions permitted.*—

(1) *Wrongful levy.*—If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. * * *

\* \* \* \* \* \*

"(b) *Adjudication.*—The district court shall have jurisdiction to grant only such of the following forms of relief

as may be appropriate in the circumstances:

(1) *Injunction.*—If a levy or sale would irreparably injure rights in property which the court determines to be superior to rights of the United States in such property, the court may grant an injunction to prohibit the enforcement of such levy or to prohibit such sale.

(2) *Recovery of property.*—If the court determines that such property has been wrongfully levied upon, the court may—

(A) order the return of specific property if the United States is in possession of such property;

(B) grant a judgment for the amount of money levied upon; or
\* \* \*.

\* \* \* \* \* \*

"(e) *Substitution of United States as party.*—If an action, which could be brought against the United States under this section, is improperly brought against any officer or employee of the United States (or former officer or employee) or his personal representative, the court shall order, upon such terms as are just, that the pleadings be amended to substitute the United States as a party for such officer or employee as of the time such action was commenced upon proper service of process on the United States."

The court holds that Section 7426 provides sufficient jurisdiction to defeat the defendant's motion to dismiss.

### Discussion

The most serious contention raised by defendant's motion is that Section 7421(a) acts as a bar to this action. Defendant relies primarily on the language of that section and on *Enochs v. Williams Packing & Navigation Co., Inc.,* 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L. Ed.2d 292 (1962). In *Enochs*, the Supreme Court stated that Section 7421 prevented the district court from assuming jurisdiction to enjoin the collection of taxes where the taxpayer was the

moving party, even though the taxpayer showed that the levy might cause irreparable injury, unless "it is clear that under no circumstances could the Government ultimately prevail." However, here, assuming the truth of plaintiff's allegations, it is a third party and not the delinquent taxpayer who requests the injunction.

The prohibition against suits to restrain collection of taxes was applied to officers and stockholders of a corporation in Botta v. Scanlon, 314 F.2d 392 (2d Cir. 1963). There it appeared that penalty assessments had been made against the individual officers and stockholders of the corporation under I. R.C. § 6672. The court made it clear that for purposes of Section 7421(a) the assessment was sufficient to cause the plaintiffs to become taxpayers. In the present case, the government has not shown that the Internal Revenue Service ever issued any formal assessment against plaintiff, which would have afforded her an opportunity to protest the assessment without having to pay the disputed tax.

■ The absence of a personal assessment against plaintiff takes this case out of the Section 7421 prohibition against taxpayer suits, and brings it within the principles of Bauer v. Foley, 404 F.2d 1215 (2d Cir. 1968), affd. on rehearing, 406 F.2d 1331 (1969).

In Bauer, petitioner brought an action to enjoin the government from seizing and selling her home. The government's case against her rested on signatures placed along with her husband's on a joint income tax return. The petitioner alleged that her signatures were forged or obtained by duress. The court ruled that a joint notice of deficiency did not impose liability on the wife unless the tax return bore her genuine signature, not made under duress. The Court of Appeals therefore instructed the district court to determine whether the taxpayers' signatures were forged or coerced. If the signatures were invalid, then "under the most liberal view of the law and

the facts" the government could not "establish its claim that the taxpayer was properly subject to a deficiency assessment based on that return" (404 F.2d at 1221), and the *Enochs* test for issuing an injunction would be satisfied.

If the court here finds that the plaintiff's signature was forged and the government fails to introduce additional evidence indicating that the plaintiff is the proper taxpayer, or that she received the Bessemund Avenue property as a fraudulent conveyance, then under the most liberal view of the law and the facts, the government will be unable to establish its claim and this court will have jurisdiction to issue an injunction.

The distinction between suits by a taxpayer and a non-taxpayer is supported by Bullock v. Latham, 306 F.2d 45 (2d Cir. 1962) as well as Section 7426. In *Bullock*, the District Director had sold property of plaintiff to satisfy a tax liability of a corporation owned by plaintiff. The court reversed an order dismissing an action for declaratory judgment and held that Section 7421

"does not prevent judicial interposition to prevent a Collector from taking the property of one person to satisfy the tax obligation of another." 306 F.2d at 46, quoting from Raffaele v. Granger, 196 F.2d 620, 623 (3d Cir. 1952).

The *Botta* case, on which the government relies here, recognized the *Bullock* rule, but distinguished the case because the assessments in *Botta* were actually made against the officers who brought the suit. 314 F.2d at 394.

■■ Although the court has jurisdiction under Section 7426(b) to grant an injunction, it must also find that "equity jurisdiction otherwise exists." See Enochs v. Williams Packing & Navigation Co., Inc., *supra*, 370 U.S. at 7, 82 S.Ct. at 1129. Threatened sale of a house would clearly cause irreparable injury, as was recognized in the *Bauer* case. Mere collection of a portion of plaintiff's paychecks is remediable at law. The levy against her income

should not be enjoined, but the court has power under Section 7426(b) (2) (B) to grant judgment for any amount improperly levied upon. *Cf.* Pizzarello v. United States, 408 F.2d 579 (2d Cir. 1968).

Defendant's contention that the suit is improperly brought against the Internal Revenue Service is answered by I.R.C. § 7426(e), which provides for the substitution of the United States as a party.

Even if the plaintiff did not place her signature on the bank signature card, she may not prevail if the government proves that she was in fact an officer or employee of the corporations, as specified in I.R.C. § 6671(b), with a duty to perform in respect to the unpaid corporate taxes, or that the real property was the subject of a fraudulent transfer. Those issues will be presented on the trial of the case.

It is ordered that

(a) The motion to dismiss the complaint be denied;

(b) The United States of America be substituted as defendant in the action; and

(c) The case be set down for trial on December 29, 1970 at 10:00 a. m. in Courtroom 11.