Lee LARSON, Plaintiff,

v.

UNITED STATES of America,
Defendant and Third-Party
Plaintiff,

v.

Clifford A. SMITH et al., Third-Party
Defendants.

Civ. A. No. 69-C-462.

United States District Court,
E. D. Wisconsin.

May 8, 1972.

Richard R. Teschner, Peter J. Lettenberger and Ross R. Kinney, Milwaukee, Wis., for plaintiff; Richard N. Hunter, Waukesha, Wis., of counsel.

Johnnie M. Walters, Asst. Atty. Gen., Nestor M. Nicholas and Donald R. Anderson, Attys., Dept. of Justice, Washington, D. C., and David J. Cannon, U. S. Atty., Milwaukee, Wis., for defendant and third-party plaintiff.

Aaron E. Goodstein, Milwaukee, Wis., and Harvey C. Flodin and Charles W. Davis, Chicago, Ill., for third-party defendant Clifford A. Smith.

Alexander Hopp, Sheboygan, Wis., for third-party defendant Allen L. Kovacic.

Robert A. Schnur and John R. Sapp, Milwaukee, Wis., for third-party defendant Wilbert E. Geer.

Paul P. Lipton, Milwaukee, Wis., for third-party defendant James R. Richards.

Donald E. Koehn, Sheboygan Falls, Wis., for third-party defendant, Neil W. Vander Ploeg.

John M. Byers and James Ward Rector, Jr., Milwaukee, Wis., for third-party defendant Robert C. Willey.

Benn S. DiPasquale, Milwaukee, Wis., for third-party defendant Jack W. Mahnke.

Richard S. Gibbs, Clay R. Williams, and John R. Hoaglund, Jr., Milwaukee, Wis., for third-party defendant Nicholas J. Vella.

## MEMORANDUM AND ORDER

REYNOLDS, Chief Judge.

This is a tax refund action. The Internal Revenue Service ("IRS") determined that Stylecraft Homes, Inc., and Great Lakes Homes, Inc., did not pay over employment taxes for certain quarters in 1965 and 1966. Consequently, the IRS, acting pursuant to 26 U.S.C.A. § 6672, assessed a 100% penalty in the amount of $85,853 against Lee Larson as a person responsible to collect and pay over the taxes on behalf of Stylecraft and Great Lakes. Larson paid a portion ($158.20) of the penalty assessment under protest and, after disallowance of his refund claim by the IRS, commenced the instant action for refund. The Government answered and counterclaimed for the unpaid balance of the penalty assessed. The United States also brought third party actions against eight individuals, also alleged to be responsible persons under 26 U.S.C.A. § 6672.

Lee Larson died after this action was commenced, and the First National Bank of Waukesha was appointed executor of his estate. The bank has moved to be substituted for Larson on the complaint, and the United States has moved that the bank, as executor, be substituted with respect to the counterclaim. The motion of the United States is contested by the bank-executor and is supported by two of the third-party defendants (Jack W. Mahnke and Wilbert E. Geer), the other third-party defendants taking no position.

The argument made on behalf of Larson's estate is that § 6672 imposes a penalty, and any liability that Lee Larson may have had under that section lapsed with his death and does not pass to his estate. Consequently, it is contended that the estate should not be substituted for Larson on the Government's counterclaim for the unpaid balance of the assessment made under § 6672.

Section 6672 provides that any person not meeting the obligations imposed by that section " * * * shall * * * be liable to a *penalty* * * *." (Emphasis added.)

The bank-executor argues, at great length, that in creating a liability by § 6672 and choosing to denominate that liability as a "penalty," Congress clearly intended that any liability under § 6672 would thereby lapse upon the death of the obligor, i. e., Lee Larson.

The position of the United States and of the two third-party defendants who have addressed themselves to the issue, and the position that I am compelled to accept under the existing case law, is that although § 6672 does contain the word "penalty," it is the nature of the liability created by § 6672 that is controlling on the issue of survival, and § 6672 created a civil and remedial tax which does not lapse with the death of the obligor.

Kirk v. Commissioner of Internal Revenue, 179 F.2d 619 (1st Cir. 1950), supports the proposition that the nature of the liability is the controlling test on the issue of survival of a liability. The *Kirk* decision held that a liability for a 50% addition to a deficiency resulting from fraud was not penal in nature but was remedial—designed to protect government revenue—and did survive.

Under the Internal Revenue Code employers are required to withhold social security taxes and income taxes from their employees. 26 U.S.C.A. §§ 3102 and 3402. These taxes which are withheld are to be held as a special trust fund for the United States. 26 U.S.C.A. § 7501. Those under a duty to collect and pay over such taxes, and who wilfully fail to do so, are liable for a "penal-

ty" equal to the amount of the tax not paid over. 26 U.S.C.A. § 6672.

In discussing the liability created by § 6672, the Court in Botta v. Scanlon, 314 F.2d 392 (2d Cir. 1963), noted at page 393:

" * * * The nature of the penalty imposed, which is an assessment equal to the amount of the tax not paid, shows that § 6672 is simply a means for ensuring that the tax is paid, and does not impose a criminal liability. * * * "

Indeed, more recently the Seventh Circuit in Monday v. United States, 421 F. 2d 1210, 1216 (7th Cir. 1970), said:

"Despite its denomination as a 'penalty' assessment, the statutory liability imposed by Section 6672 is essentially civil in nature. [Citation omitted.] Its basic purpose is the protection of governmental revenue. [Citations omitted.] It provides a remedy to prevent the unnecessary loss of tax funds by permitting the 'taxing authority to reach those responsible for the corporation's failure to pay the taxes which are owing.' * * * "

See Braden v. United States, 318 F. Supp. 1189 (S.D.Ohio 1970); Westenberg v. United States, 285 F.Supp. 915 (D.Ariz.1968).

■ The above-cited authorities clearly establish the nature of the liability imposed by § 6672 to be civil and remedial. No cases to the contrary have been called to the court's attention. I am of the opinion that regardless of the use of the word "penalty" in § 6672, the liability imposed by that section was not intended by Congress to be a penalty but rather a means for insuring that the tax is paid and a shifting of the responsibility for the payment of the tax.

For these reasons any obligation that Lee Larson may have had under § 6672 did not lapse with his death but survives, and the bank-executor is to be substituted for Lee Larson with respect to the Government's counterclaim.

At the time of oral argument on the Government's motion to substitute the bank-executor for Lee Larson, I orally indicated my opinion on the issue as reflected in this memorandum. Thereafter counsel for Lee Larson and the bank-executor filed a motion for appeal certification under 28 U.S.C.A. § 1292(b) which provides:

"When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."

■ I am of the opinion that an order substituting Larson's estate for Lee Larson, an order not otherwise appealable under § 1292, is not an order involving a controlling question of law *as to which there is substantial ground for a difference of opinion.* The authorities on the issue appear to be unanimous and clear in holding the liability imposed by § 6672 to be a tax and as such survives the death of the obligor. In declining to certify this question to the Court of Appeals, I have given careful consideration to the cases cited and arguments made by counsel for Lee Larson and his estate and do not find them persuasive. The affidavit supporting the motion for certification suggests that Larson's estate would be substantially depleted by the cost of litigation of this action with the executor as a party to the counterclaim, that discovery would be extensive and the trial protracted, and that the court would be burdened by anticipated intricate applications of the so-called "Dead-

man's" statute (§ 885.16 Wis.Stats. (1969)). I find none of these suggested reasons sufficient to warrant immediate appeal under § 1292(b).

It is therefore ordered that the motion of Lee Larson and the First National Bank of Waukesha, Executor of the Estate of Lee Larson, to substitute the First National Bank of Waukesha, Executor for the Estate of Lee Larson, for Lee Larson on the complaint be and it is hereby granted.

It is further ordered that the motion of the defendant and third-party plaintiff, United States of America, that the First National Bank of Waukesha, Executor for the Estate of Lee Larson, be substituted as plaintiff in this action for Lee Larson with regard to the counterclaim of the defendant and third-party plaintiff be and it is hereby granted.

It is further ordered that the motion of Lee Larson and the First National Bank of Waukesha, Executor for the Estate of Lee Larson, to certify the order granting substitution of the First National Bank of Waukesha, Executor of the Estate of Lee Larson, for Lee Larson on the counterclaim of the United States be and it is hereby denied.