James C. McALLISTER, Plaintiff,

v.

A. J. DUDLEY, District Director of Internal Revenue at Pittsburgh, Defendant.

Civ. A. No. 14519.

United States District Court W. D. Pennsylvania.

Dec. 27, 1956.

Edward J. McGinness, Pittsburgh, Pa., for plaintiff.

D. Malcolm Anderson, U. S. Atty., Pittsburgh, Pa., Donald C. Bush, Frederic G. Rita, Department of Justice, Washington, D. C., for defendant.

MARSH, District Judge.

■ This is a federal tax case wherein the plaintiff seeks to have an assessment made against him declared illegal and to restrain the collection of such assessment by the District Director of Internal Revenue.[1] The defendant, upon receipt of the complaint, filed a motion to dismiss on the ground that this is a suit to restrain the collection of internal revenue taxes, the maintenance of which is prohibited by § 7421(a) of the Internal Revenue Code of 1954.[2]

The purpose and force of this statutory provision is stated in Cadwalader v. Sturgess, 3 Cir., 1924, 297 F. 73, 75, as follows:

"The Congress, by tax measures enacted from time to time, provides the revenue with which the national government is sustained. It is necessary to the maintenance of the government that the collection of taxes imposed for this purpose shall not be hindered or delayed, either by those who are charged with their payment, or by the courts in their behalf. Therefore, the law requires, broadly, that all taxes, even those 'erroneously or illegally assessed,' shall be paid when due. The Congress knew, of course, that injustice would occasionally be done by the enforcement of this necessary rule. Therefore, it prescribed a

---

1. The defendant, A. J. Dudley, was succeeded in office by John H. Bingler on May 1, 1956. This action was filed April 13, 1956. No substitution was requested by plaintiff pursuant to Rule 25 (d), Fed.Rules Civ.Proc. 28 U.S.C.

2. "7421. *Prohibition of suits to restrain assessment or collection.*
"(a) *Tax.*—Except as provided in sections 6212(a) and (c), and 6213(a), no

suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." 26 U.S.C. § 7421(a).

The prohibition in this section is made applicable to taxes imposed by both the 1939 and 1954 Internal Revenue Codes by § 7851(a) (6) (C) (iv) of the Internal Revenue Code of 1954, 26 U.S.C. § 7851 (a) (6) (C) (iv).

method by which one who has paid a tax 'erroneously or illegally assessed or collected' may recover it. This method contemplates, first, payment of the tax. It then provides for an application to be made by the aggrieved taxable and addressed to the Commissioner of Internal Revenue for refund of the tax. If his application be granted, his grievance has been satisfied; if it be rejected, he may bring suit against the collector in a court of law to recover the amount of the tax and there succeed or fail according to the merits of his case. These proceedings have often been referred to by the Supreme Court as 'a complete and exclusive system of corrective justice' and as providing the sole remedy for a taxpayer against the illegal and erroneous assessment and collection of taxes. Evidently, this method was established 'under the right belonging to the government to prescribe the conditions on which it would subject itself to the judgment of the courts in the collection of its revenues. In the exercise of that right, it declared by section 3224, R.S. [section 7421(a), I.R.C.1954], that its officers shall not be enjoined from collecting a tax claimed to have been unjustly assessed, when those officers, in the course of jurisdiction over the subject-matter in question, have made the assessment and claim that it is valid.' "

The plaintiff alleged in his complaint that the defendant made the assessment on December 29, 1954 and that the assessment was a 100 per cent penalty for an alleged failure to pay Federal Insurance Contributions and withholding taxes due for the year 1950. He further alleged that all his debts had been discharged under the provisions of the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., by order of the Referee in Bankruptcy dated July 11, 1951, and that the assessment was illegal because the defendant had not given him the 90-day notice by registered mail as required by § 6213(a)

of the Internal Revenue Code of 1954, 26 U.S.C. § 6213(a).

Section 6213(a) provides:

" * * * [N]o assessment of a deficiency in respect of any tax imposed by subtitle A or B and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such [90-day] notice has been mailed to the taxpayer, * * *. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court."

These same provisions are in the Internal Revenue Code of 1939, sections 272(a), 871(a) and 1012(a), 26 U.S.C. §§ 272(a), 871(a), 1012(a).

If the assessment here involved is a "tax imposed by subtitle A or B", the defendant may be restrained from collecting it if he has failed to give the 90-day notice as required.

The taxes imposed by subtitles A and B of the 1954 Internal Revenue Code, 26 U.S.C. §§ 1 et seq., 2001 et seq., are income, estate and gift taxes. Sections 272(a), 871(a) and 1012(a) of the Internal Revenue Code of 1939 similarly refer to income, estate and gift taxes.

While the plaintiff does not allege specifically in his complaint under what section the assessment here involved was imposed, the defendant states in his brief that the penalties were imposed under § 6671 of the Internal Revenue Code of 1954, 26 U.S.C. § 6671. That section and section 6672, 26 U.S.C. § 6672, provide for the assessment and collection on a 100% penalty upon the wilful failure to pay taxes imposed by the Internal Revenue Code, such penalty to be assessed and collected in the same manner as taxes. Exhibit "A" attached to the complaint is a copy of the assessment sent to the plaintiff on which there is a notation "Sec. 2707–A". Section 2707 (a) of the Internal Revenue Code of 1939, 26 U.S.C. § 2707(a), is a penalty

provision imposing a 100% penalty against any person who wilfully fails to pay a tax due under § 2700(a), 26 U.S.C. § 2700(a). Sections 1430 and 1627 of the Internal Revenue Code of 1939, 26 U.S.C. §§ 1430, 1627, make the penalty imposed by § 2707(a) applicable upon the wilful failure to pay Federal Insurance Contributions imposed by § 1400, 26 U.S.C. § 1400, and withholding taxes required to be withheld under § 1622, 26 U.S.C. § 1622.

Section 2707(a) of the Internal Revenue Code of 1939 and § 6671 of the Internal Revenue Code of 1954 are substantially similar in that each provides that the penalty shall be assessed and collected in the same manner as taxes. From this we conclude that the penalty imposed for the wilful failure to pay employment taxes shall be assessed and collected in the same manner as employment taxes would be assessed and collected. Cf. Reams v. Vrooman-Fehn Printing Co., 6 Cir., 1944, 140 F.2d 237.

Employment taxes such as Federal Insurance Contributions and withholding taxes are imposed by Subtitle C of the Internal Revenue Code of 1954, 26 U.S.C. § 3101 et seq., and thus are not within the prohibition against assessment without a 90-day notice as provided in § 6213(a). Similarly, employment taxes are not within the prohibition provided by §§ 272(a), 871(a) and 1012(a) of the Internal Revenue Code of 1939.

The assessment here involved not being an assessment of a deficiency in respect of any income, estate or gift tax, the suit to enjoin the collection thereof falls within the prohibition contained in § 7421(a) of the Internal Revenue Code of 1954 and the action must be dismissed.

We have made no determination as to the propriety or legality of the assessment or that the collection of the

assessment may not be enjoined in any event.[3] What is here determined is that the collection of a penalty assessment for the wilful failure to pay employment taxes may not be enjoined under the provisions of § 6213(a) of the Internal Revenue Code of 1954.

An order dismissing the complaint will be entered.

---

**3.** The plaintiff has alleged in his complaint that irreparable damage would result if his property was sold by defendant to enforce payment. But there is no allegation that the plaintiff cannot pay the tax and sue for a refund, nor any averments of fact establishing the existence of such unusual circumstances as constitute an exception to the prohibition contained in § 7421(a). Cf. Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422; Reams v. Vrooman-Fehn Printing Co., supra.