Thomas P. **BOLME** and Joseph La Rocca, Plaintiffs,

v.

Raphael I. **NIXON**, District Director of Internal Revenue, Detroit, Michigan, and United States of America, Defendants.

Civ. A. No. 26128.

United States District Court
E. D. Michigan, S. D.
April 1, 1965.

Arthur M. Hoffeins, Detroit, Mich., for plaintiffs.

Louis F. Oberdorfer, Asst. Atty. Gen., Fred B. Ugast, John W. Johnson, Attys., Dept. of Justice, Washington, D. C., Lawrence Gubow, U. S. Atty., Robert F. Ritzenhein, Asst. U. S. Atty., Detroit, Mich., for defendants.

FREEMAN, District Judge.

This is a suit to enjoin Raphael I. Nixon, District Director of Internal Revenue, from making any levy, seizure or distraint under the purported authority of a certain deficiency assessment of withholding and social security taxes for the fiscal year 1960 against a corporation of which plaintiffs were officers and directors. An involuntary petition in bankruptcy was filed against the corporation in December of 1960, and on July 15, 1964, the Internal Revenue Service assessed an amount of $2022.96 against plaintiffs pursuant to 26 U.S.C. § 6672 as the amount due from the corporation for withholding and social security taxes for the last quarter of 1960.

The complaint alleges that, contrary to the express provisions of sections 6212 and 6213 of the Internal Revenue Code, the I.R.S. did not, prior to assessing said amount against plaintiffs, first send to plaintiffs a notice of deficiency with respect to the tax liability imposed, advising them that if they were not satisfied with the deficiency assessment, an appeal could be taken to the Tax Court, and that the assessment is, therefore illegal and void. Plaintiffs seek a permanent injunction against attempts by

the I.R.S. to collect on the allegedly void assessment and request that such assessment be expunged.

The case is now before the court on a motion for preliminary injunction pending trial, and also on defendant's motion to dismiss the complaint.

Plaintiffs' motion for a preliminary injunction is based on the grounds that (1) the assessment is void for failure to send notice of the claimed deficiency, and (2) that plaintiffs will suffer irreparable injury if, pending trial, defendant levies upon their property and distrains their wages.

Defendant moves to dismiss for the reasons that pursuant to 28 U.S.C. § 2201, suits to declare the rights and other legal relations of any interested party may not be brought in any court of the United States with respect to federal taxes, and also that section 7421 of the Internal Revenue Code prohibits all suits for the purpose of restraining the assessment or collection of any tax. Defendant also contends that the suit is barred by the doctrine of sovereign immunity.

█ █ Since this is a suit for a permanent injunction, defendant's objection that 28 U.S.C. § 2201, the declaratory judgment statute, forbids the suit, is not persuasive. Ruby v. Mayer, 194 F.Supp. 594 (D.C.N.J.1961). Further, defendant's contention that the suit is barred by the doctrine of sovereign immunity is also without merit in view of the express provision of section 6213(a) of the Internal Revenue Code, authorizing such a suit in proper cases.

The statutory scheme which concerns this case is as follows:

Section 7421(a), Internal Revenue Code, provides:

"Except as provided in sections 6212(a) and (c), and 6213(a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

Section 6212(a), I.R.C., in pertinent part, provides:

"If the Secretary or his delegate determines that there is a deficiency in respect of any tax imposed by subtitles A or B, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail."

Section 6213(a), I.R.C., in pertinent part, provides:

"Within 90 days * * * after the notice of deficiency authorized in section 6212 is mailed * * * the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A or B and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day * * * period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court."

Section 6672, I.R.C., insofar as relevant, provides:

"Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over."

Section 7501, I.R.C., provides:

"Whenever any person is required to collect or withhold any internal revenue tax from any other person and to pay over such tax to the United States, the amount of tax so collected or withheld shall be held to be a

special fund in trust for the United States. The amount of such fund shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations (including penalties) as are applicable with respect to the taxes from which such fund arose."

It is clear that section 7421 forbids plaintiffs' suit for an injunction unless the deficiency assessment is in respect to a tax imposed by subtitle A or B of the Internal Revenue Code, in which case plaintiffs' suit is authorized by section 6213(a). Plaintiffs contend that section 7501 requires that the deficiency assessment be treated as a tax imposed by subtitle A, but cite no authority in support of this contention.

■ 100% penalty assessments are civil in nature and constitute taxes as distinguished from penalties. McAllister v. Dudley, 148 F.Supp. 548 (W.D.Pa. 1956); Headley v. Knox, 133 F.Supp. 36 (D.C.Minn.1955).

■ In Botta v. Scanlon, 314 F.2d 392 (CA 2, 1963), the Court held that a 100% penalty assessment under section 6672 does not come within the exceptions to the statutory prohibition of section 7421 (a). The court stated at page 393:

"So far as we have been able to discover, every court which has considered the question has ruled that suits to restrain the collection of assessments under § 6672 or the comparable provisions of the 1939 Code are prohibited. * * * We agree with the result reached in these cases. The nature of the penalty imposed, which is an assessment equal to the amount of the tax not paid, shows that § 6672 is simply a means for ensuring that the tax is paid, and does not impose a criminal liability."

■ Subtitles A and B of the Internal Revenue Code cover only income, estate and gift taxes. Social Security taxes are clearly imposed by chapter 21 of subtitle C of the Code, and withholding taxes are the subject of chapter 24 of subtitle C. Plaintiffs contend that withholding taxes are nevertheless "imposed" under subtitle A of the Code as income taxes. The primary issue before the court, therefore, is whether withholding taxes can be said to be "imposed" by subtitle A of the Code, within the meaning of section 6213(a), so as to authorize plaintiffs' suit for a permanent injunction.

As the Court observed in a case exactly in point, Lipsig v. United States, 187 F.Supp. 826, 828 (D.C.N.Y.1960), "Under the authorities construing the statute it appears clear that plaintiff does not come within the excepting provisions of Section 7421. Those provisions refer to the assessment of income and estate taxes imposed by Subtitles A and B of the Code and not to withholding and social security taxes imposed by Subtitle C thereof. Such was the construction placed upon Section 6212(a) in Mrizek v. Long, D.C.Ill.1959, 187 F.Supp. 830. * * * The same conclusion was reached in Enochs v. Green, 5 Cir., 1959, 270 F.2d 558, under the 1939 Code. Accord, McAllister v. Dudley, D.C.Pa.1956, 148 F.Supp. 548."

In Enochs v. Green, 270 F.2d 558 (CA 5, 1959), the Court noted at page 560 that "The so-called Withholding Tax is treated in the statutory scheme as a tax different from, although related to, the Income Tax imposed by Chapter 1. The fact that the Withholding Tax is an income tax does not make it, of course, a tax imposed by Chapter 1." Judge Cameron, in a dissenting opinion relied on by plaintiffs, characterized the withholding tax process as "a payment by the employee of his income tax to the government through the convenient means of having his employer deduct his income tax from his wages and remit it direct to the government. It is difficult indeed for me to visualize a naivete which would regard this whole arrangement as anything but the payment by individuals of their income tax to the government through the simple expedient of having the employer deduct and remit it."

It is important to note the actual language of the Internal Revenue Code con-

cerning withholding taxes. Section 3402(a), I.R.C., provides:

"Every employer making payment of wages shall deduct and withhold upon such wages *a tax* equal to 18 percent of the amount by which the wages exceed the number of withholding exemptions claimed, multiplied by the amount of one such exemption as shown in subsection (b) (1)." (Emphasis added).

Further, section 31(a) (1), I.R.C., provides:

"The amount withheld under section 3402 as tax on the wages of any individual shall be allowed to the recipient of the income as a credit against the tax imposed by this subtitle."

■■ It appears, therefore, that the withholding tax plan contemplated by the Internal Revenue Code consists of the withholding tax as a tax imposed on the employer by section 3402(a) of Subtitle C of the Code, with a credit being given to the employee by section 31(a) (1) against his income tax for the amount withheld. Under this plan, it is not proper to regard the withholding tax simply as a part of the employee's income tax and, therefore, imposed by Subtitle A, since the withholding tax is, in fact, defined by the Code as a separate tax to be paid by the employer rather than the employee. The fact that a credit is given to the employee for the amount withheld renders the employee not liable to pay the said amount regardless of whether or not his employer pays the withholding tax. Grasso v. Oehmann, 54 A.2d 570 (D.C. Mun.App.1947). The withholding tax imposed on the employer is allowed as a credit on the employee's income tax in the same manner as a foreign tax is allowed as a credit on income tax by 26 U.S.C. § 33 of the Internal Revenue Code. However, foreign taxes can certainly not be considered "imposed" by Subtitle A merely because they justify a credit against income tax. By the same reasoning, neither can withholding taxes be considered as imposed by Subtitle A. Indeed, Section 31(a) (1) makes an express distinction between the withholding tax and "the tax imposed by this subtitle" (Subtitle A) against which the amount withheld is made a credit.

Since funds withheld from an employee's salary are held as a special fund in trust for the United States, according to section 7501 of the Code, it is only proper that the employer, as the trustee of the fund, be subject to a 100% penalty assessment if he fails to deliver the fund to the United States as beneficiary.

For the reasons above stated, this Court concurs with the cited authorities that withholding and social security taxes are not taxes imposed by Subtitles A or B of the Code and, therefore, holds that section 6213(a) does not authorize plaintiffs' suit for an injunction, which is prohibited by section 7421(a) of the Code. The motion for a preliminary injunction must be denied and the motion to dismiss the complaint must be granted. An appropriate order may be submitted.