Ernest W. WHITE, a/k/a Ernest W. White, Sr., Plaintiff,

v.

Thomas A. CARDOZA, District Director of Internal Revenue Service, et al., Defendants.

Civ. A. No. 74–70528.

United States District Court, E. D. Michigan, S. D.

Dec. 26, 1973.

Erwin A. Rubenstein, Ashley S. Lipson, Charles M. Lax, Jerome S. Coleman, Southfield, Mich., for plaintiff.

Ralph B. Guy, Jr., U. S. Atty., Jeffrey A. Heldt, Asst. U. S. Atty., Detroit, Mich., Jeffrey D. Snow, Trial Atty., Tax

Div., Dept. of Justice, Washington, D. C., for defendants.

## OPINION AND ORDER

GUBOW, District Judge.

Plaintiff Ernest W. White has filed a complaint seeking injunctive relief with respect to the Defendants' jeopardy assessment and levies made pursuant thereto against his property. The court now has before it the Defendants' motion to dismiss the complaint. Arguments and decisions on other motions heretofore filed in the action are being held in abeyance pending a decision on this motion to dismiss.

Factually, it appears from the pleadings that the Defendants, acting pursuant to 26 U.S.C. § 6862(a), imposed on the Plaintiff a jeopardy assessment in the amount of Two Hundred Thirty-eight Thousand One Hundred Thirty-four Dollars and Thirty-two Cents ($238,134.32). The assessment is based on a wagering excise tax and covers the period from September 1971 to January 1973. Under the authority of 26 U.S.C. § 6331(a), a levy was made on Plaintiff's property without regard to the ten (10) day notice provision ordinarily applicable to such assessments.

The government's motion to dismiss, in addition to attacking the allegations of the complaint in various particulars, relies strongly on the anti-injunction provision of 26 U.S.C. § 7421(a). That statute provides, with statutory exceptions not here applicable, that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person . . . .". If applicable in this case, section 7421(a) clearly would bar this action.

To escape the consequences of section 7421(a), the Plaintiff relies strongly on the judicially created exception to its provisions carved out by the Supreme Court in Enochs v. Williams Packing and Navigation Co., Inc., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). There the court held that, not-

withstanding section 7421(a), an injunction can issue if the plaintiff makes two separate showings. First, he must show that under no circumstances could the government ultimately prevail in its claim for the tax. Secondly, in addition, the plaintiff must show that equity entitles him to relief. In this regard, he must show that, absent the granting of injunctive relief, he will suffer irreparable harm and that no adequate remedy at law is available.

The government, in this motion, has asserted in broad and general terms that there are circumstances under which it could prevail in its claim for the tax. Moreover, the government argues that the Plaintiff has an adequate remedy at law in that he can now file a claim for refund pursuant to 26 U.S.C. §§ 6532(a)(1) and 7422(a). If this claim is denied, then the Plaintiff can bring a refund action.

To meet his first burden under the *Enochs* rule—namely that under no circumstances could the government prevail in its claim for the tax—Plaintiff has made a well reasoned, three-fold argument. First, Plaintiff alleges that the Defendants have not complied with the procedural requisites of 26 U.S.C. § 6862(a). That provision allows for a jeopardy assessment to be made "[i]f the Secretary or his delegate believes that the collection of [the] tax . . . will be jeopardized by delay". Plaintiff alleges, and offers to prove, that neither the Secretary nor his delegate, the District Director, formed such a belief before the assessment in this case was made. There is authority in the case law to the effect that a jeopardy assessment is not valid if not approved personally by the District Director. Thornton v. United States, 73–1 U.S.T.C. ¶ 9232 (E.D.Pa. January 22, 1973).

Secondly, Plaintiff alleges that the Defendants have not complied with the procedural requisites of 26 U.S.C. § 6331(a). That provision allows for the immediate collection of a tax by levy without notice "[i]f the Secretary or his delegate makes a finding that the collec-

tion of such tax is in jeopardy . . . ". Plaintiff alleges, and offers to prove, that neither the Secretary nor his delegate made the required finding before imposing the levy in this case. Plaintiff argues that this alleged procedural defect is fatal to the government's effort to collect the tax.

Thirdly, the Plaintiff alleges that the assessment in this case is "erroneous, false, excessive, and without foundation in fact". In this respect, Plaintiff alleges, and offers to prove, that the assessment was made using calculations based on inadequate records and that the government had no reason to conclude that Plaintiff was involved in wagering. There is case law authority for the proposition that such facts, as Plaintiff here alleges, are sufficient to render a tax assessment of this type void. Pizzarello v. United States, 408 F.2d 579 (2d Cir. 1969).

This court is of the opinion that if Plaintiff, at an evidentiary hearing or otherwise, can establish what he has alleged, then he will have met his first burden, under *Enochs*, of showing that under no circumstances could the government prevail in its claim for the tax.

The second burden imposed on Plaintiff by the *Enochs* case is to demonstrate that equity entitles him to relief. In this regard, it is not disputed that Plaintiff could now file a refund claim pursuant to 26 U.S.C. §§ 6532(a)(1) and 7422(a) and, after its denial, he could file a refund action. Plaintiff, however, advances two arguments for the inadequacy of this remedy. First, he alleges that, during the pendency of such proceedings, he would suffer irreparable damage to his business interests, including a certain "modernization and redevelopment business" and two unfinished construction projects in which he has made substantial investments which, he claims, he now risks losing. Secondly, he alleges that to pursue a refund action would subject him to the danger of self-incrimination relating to possible gambling offenses.

On the issue of self-incrimination, the government relies on the case of Ianelli v. Long, 487 F.2d 317 (3rd Cir. 1973). There the court reversed the district court's issuance of a preliminary injunction. The district court had issued the injunction to protect the taxpayer against the possible necessity of self-incrimination in a refund action. The Court of Appeals stated that "[t]he district court was understandably and properly concerned that the taxpayers not be forced to choose between forfeiting their property without contesting the tax assessments on the one hand and, on the other, incriminating themselves by admitting in a tax refund suit that they had engaged in an illicit enterprise for which they already had been indicted". The court went on to state, however, that the proper method for protecting the taxpayers' privilege against self-incrimination was to allow them to defer proceedings in the refund action until the statute of limitations had run on the criminal charges or until prosecution of such charges had been concluded. The court suggested that it would be an abuse of the district court's discretion to deny a taxpayer's request for such a deferral of the refund proceedings.

In response to this, Plaintiff asserts that, because the statute of limitations on the gambling offenses is six (6) years under Michigan law, it is unlikely that any district court would defer a refund action for a sufficient period of time to protect the taxpayer and that, even if such a deferral were granted, such a long delay would provide no adequate remedy at law. Plaintiff points out that in another case which adopted the same solution as the *Ianelli* case, the statute of limitations had only seven (7) months to run. Hamilton v. United States, 309 F.Supp. 468 (S.D.N.Y.1968).

This court is unpersuaded by Plaintiff's argument with respect to self-incrimination. In the first place, Plaintiff has the burden of proving the allegations of his complaint in this equitable suit if he is to prevail. As the

Fifth Circuit Court of Appeals stated with respect to a taxpayer in an identical situation, "[i]f he can carry the burden of proof in this injunctive suit, without incriminating himself, presumably he could carry it in the refund suit". Lucia v. United States, 474 F.2d 565, 576 (5th Cir. 1973). In the second place, Plaintiff's challenge of the assessment in this case is not one which will subject him to the risks of self-incrimination in a refund action. The Plaintiff himself recognizes that the danger of self-incrimination in a refund action arises only when the taxpayer is called on to prove the proper amount of tax to which the government is entitled, assuming the amount claimed by the government is excessive. In both the *Ianelli* case and the *Hamilton* case, the taxpayers who claimed that they risked self-incrimination disputed only the extent of their indebtedness, not the fact that they did owe something. Here, in contrast, Plaintiff strenuously denies any indebtedness. He has made it clear that he contests the total assessment and that "by questioning the total assessment, the Plaintiff is taking the position that no tax is due and owing to the government". (Plaintiff's Memorandum in Opposition to Motion to Dismiss, page 8). In a refund action, if the taxpayer, rather than disputing the amount of the indebtedness, disputes the validity of the entire assessment, then he has no burden of proving the proper amount of his liability and consequently runs no risk of self-incrimination. The court, in Hamilton v. United States, *supra,* made this fact very clear. At page 474, of 309 F.Supp., the court stated, with respect to a refund suit, that "[a]lthough the burden would be upon him [the taxpayer] in such a suit to show that the assessment is wholly or partially incorrect, * * * (omiting citations) * * * that burden would be met if he showed that the method of assessment was so arbitrary as to render the assessment fatally defective". The court clearly indicated that, where the validity of the assessment is at issue, the ques-

tion of proving the right amount does not arise. Thus, if Plaintiff in the refund action can prove the defects he has alleged here, he will have met his burden and will prevail with no greater risk of self-incrimination than he has willingly subjected himself to in the instant proceedings.

■ Of much greater merit than his self-incrimination argument is Plaintiff's assertion that the refund action is inadequate because he will suffer irreparable financial harm during its pendency. We must assume, for purposes of this motion to dismiss, that Plaintiff will demonstrate, if given a chance to do so, that the assessment and levy in this case are procedurally defective and that the assessment is without foundation in fact. As discussed above, he will thereby establish that under no circumstances could the government prevail on its claim for the tax. The question, then, is whether Plaintiff's allegation of imminent financial ruin is sufficient, over the government's motion to dismiss, to allow him to present his proofs on the issue of whether equity entitles him to relief. That question has been decided in Plaintiff's favor by the Fifth Circuit Court of Appeals, sitting *en banc* in the case of Lucia v. United States, *supra.* On review of the district court's dismissal for lack of jurisdiction of a taxpayer's injunctive action, the court first rejected the taxpayer's self-incrimination contention which was identical to the one advanced herein. Then the court stated, 474 F.2d at page 577:

"We hold, nevertheless, that if Lucia can prove the allegations in his complaint, that there is a possibility of a financially ruinous levy during the pendency of a refund proceeding, then the legal proceeding offers him no adequate remedy at law. For the consideration of this point, we assume that, in the refund proceedings, Lucia would ultimately prevail on his proof that the assessment was arbitrary, capricious, and without foundation of fact, to wit, that it was not a tax at all but rather an exaction in 'the guise

of a tax,' and that he can show that in the meantime he would have suffered bankruptcy as a result of the levy and collection. Under these circumstances, Lucia would have shown the irreparable harm required for equitable jurisdiction, and he would be entitled to such relief as the District Court might determine to be necessary.

"This holding does not conflict with the substantial precedent that hardship alone is insufficient to justify injunctive relief against the collection of taxes. The anti-injunction statute expressly forbids such relief, even where no adequate remedy at law is available to prevent such a disastrous result. As the Supreme Court stated in *Enochs,* 'a suit may not be entertained merely because collection would cause an irreparable injury, such as the ruination of the taxpayer's enterprise.' But a finding that the assessment is arbitrary, capricious, and without foundation in fact would free the Court of the constraint of the anti-injunction statute and would permit relief upon a showing by taxpayer that his legal remedy is inadequate to prevent irreparable injury."

Similarly, a finding in this case, either that the assessment and levy suffer the procedural defects alleged by the Plaintiff or that the assessment was made without a foundation in fact, would free the court of the constraint of section 7421(a) and would permit relief upon Plaintiff's showing that his legal remedy is not adequate to prevent irreparable harm. Plaintiff should be allowed to make such a showing. This holding goes no further, at this time, than to give him that opportunity.

The motion to dismiss is denied, subject to being renewed in the event that Plaintiff, at the evidentiary hearing, fails to make either of the required showings under the *Enochs* test, as discussed above.

It is so ordered.