William J. Regan, S.
The attorney for the estate of Myron S. Simon has submitted for this court’s consideration a proposed decree settling the estate of Myron S. Simon. The United States Internal Revenue Service has objected to the direction in the decree that the United States Internal Revenue Service apply proceeds received from the estate as follows:
“ First toward the payment of the principal and interest owing on Federal tax liens, dated March 3, 1972, filed against Myron S, Simon, in the Erie County Clerk’s Office on March 7, 1972, serial number 1601-3142-72, being for Federal Income taxes and employment taxes, and for the Federal tax lien dated August 7, 1972 and filed in the Erie County Clerk’s Office August 9,1972, serial number 1601-6230-72 for Federal Employment taxes and the remainder toward the balance of all other Federal taxes due.”
This court is well acquainted with the estate of Myron S. Simon and is cognizant of the fact that the estate does not have enough assets to satisfy the creditors of the decedent let alone the claim of the United States 'Internal Bevenue Service. The total claim of' the United States is comprised of seven claims for withholding taxes, one claim for Federal Unemployment Tax Act and four claims for income taxes. Notices of tax lien for the above claims have been filed in the Erie County Clerk’s *104 office. The two claims which the executrix has requested the court to order the Internal Revenue Service to satisfy first from the proceeds received from the estate are the ones representing income taxes for the years 1969 and 1970. These liens are the only two liens filed 'against both the decedent, Myron ,S. Simon, and Rhoda Simon, the executrix and widow. The United States Attorney argues that if the debts were to be credited as proposed not only Would the lien against the real property of Rhoda Simon created by the filing of notice of lien be extinguished but also would prohibit the United States from satisfying the other liens comprising its claim.
The Government’s total claim as of December 17, 1973 was $11,784.98, of which sum $4,527.98 represents the liens filed against the decedent and the widow jointly, and the balance of $7,257 represents liens filed against the decedent alone. The executrix of the estate has distributed $8,723.01 to the United States and if the United States applied these funds against • those liens filed against the decedent only, the result would be those liens would be extinguished and the liens filed against the decedent and his widow jointly would be reduced by $1,466.01 with the United States retaining the potential to foreclose the joint liens against the property of the widow. If the proceeds were applied as the proposed decree directs, the United States would suffer a loss of $3,061.97.
The court, in granting the proposed order, would be, in effect, restraining or prohibiting the Internal Revenue Service from recovering the taxes on which there is joint responsibility from the widow by enforcement of their lidn. That result is prohibited by subdivision (a) of section 7421 of title 26 of the United States Code (Matter of Rosenberg, 269 N. Y. 247) and is beyond the jurisdiction of this court (U. S. Code, tit. 26, § 7421, subd. [a]; U. S. Code, tit. 28, § 1346, subd. [a], par. [1] and SCPA 201). The issue in the instant case does not concern the question of priorities among Federal tax liens and intervening or competing liens. The court in such a case would, in determining priorities, of necessity, have to direct the manner in which the proceeds would be distributed among the various liens in order of priority.
Counsel for the Internal Revenue Service contends further that even if the court had the authority to direct the application of the funds that the order requested would be inequitable to the United States of America. The Internal Revenue Service is a creditor of the decedent and also a creditor of the decedent’s widow. The creditor with respect to the debts owed it by the *105 decedent may satisfy the debt from the assets of: his estate and with respect to the debts owed by the decedent and the widow jointly may .satisfy them either through the assets of the decedent’s estate or through enforcement of its lien against the widow’s real property. The court agrees with this contention by reason of the doctrine of marshaling of assets which would allow the Internal Revenue Service to apply the assets received from the estate to the debts owed it by the decedent (36 N. Y. Jur., Marshaling Assets and Securities, 364-371).
It is the decision of this court that the objections of the United States Attorney on behalf of the Internal Revenue Service are proper and, therefore, the attorney for the executrix is directed to submit a decree removing the language that directs the manner in which the Internal Revenue Service is to apply the proceeds.