Mark JACOBSON and Ranger Bakers,
Inc., Plaintiffs,

v.

The ORGANIZED CRIME AND RACK-
ETEERING SECTION OF the UNITED
STATES DEP'T OF JUSTICE et al., De-
fendants.

No. 75 C 1718.

United States District Court,
E. D. New York.

Nov. 12, 1975.

Irving Mandell, Long Island City, N. Y., for plaintiffs.

David G. Trager, U. S. Atty., Eastern District of New York by Prosper K. Parkerton, Asst. U. S. Atty., and Richard A. Scully, Trial Atty., Tax Div., U. S. Dept. of Justice, Brooklyn, N. Y., for defendants.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

Plaintiff Ranger Bakers, Inc. ("Ranger") and co-plaintiff Mark Jacobson, its president, have brought this civil rights action alleging that defendants, the Organized Crime and Racketeering Section of the Department of Justice (the "Strike Force"), the Internal Revenue Service (the "IRS"), and named IRS officers, have carried on a "personal vendetta" against plaintiffs in violation of their constitutional rights.[1] Plaintiffs seek injunctive relief and compensatory and punitive damages for asserted acts of harassment and discriminatory enforcement of the laws, particularly the denial of even-handed treatment of the tax laws.

A temporary restraining order having been denied, the matter presently before the court is plaintiffs' motion for a preliminary injunction which would require the IRS to accept plaintiffs' proposal for deferred payment of their current tax liabilities and to afford plaintiffs the same considerations given other taxpayers in the collection of taxes due.

Plaintiffs' motion must be denied. The ultimate effect of such an injunction would be to prevent the assessment and collection of federal taxes. Under the Anti-Injunction Act, 26 U.S.

---

1. The action is brought under 42 U.S.C. §§ 1981, 1985; jurisdiction is premised upon 28 U.S.C. §§ 1331, 1343.

C. § 7421, this court is without power to grant the injunctive relief requested.

## FACTS

The actions of the IRS which plaintiffs seek to enjoin are two jeopardy assessments and levies for the collection of employee withholding taxes owed by Ranger for the second and third quarters of 1975. The events leading up to the assessments are intertwined with plaintiffs' claims against the Strike Force, not presently before the court.

On October 29, 1974 Ranger acquired the assets of Silvercup Bakeries, Inc., then in proceedings under Chapter XI of the Bankruptcy Act.[2] Ranger with Jacobson at its head began the struggle for Silvercup's financial recovery and managed to remain current with Silvercup's tax obligations, at least for employee withholding taxes, up to March 30, 1975, the end of the first quarter.[3] According to plaintiffs, Silvercup's business position improved in the hands of Ranger until a newspaper article appeared in May 1975, which stated, in effect, that Ranger and Silvercup were controlled by the "mob."[4] This information allegedly was disseminated by the Strike Force.[5]

As a result of the news item and Strike Force investigations, plaintiffs claim Ranger's business was severely damaged by loss of customers, suppliers and financial backing. Plaintiffs maintain Ranger's cash supply was so diminished it was unable to meet "the required weekly withholding tax deposits and [it] incurred a tax liability for the second quarter of 1975 . . . of approximately $264,000." [6]

There followed the first jeopardy assessment. On September 30, 1975 plaintiffs received a deficiency notice calling for payment of the second quarter withholding taxes in 10 days, i. e., by October 9, 1975.[7] At a meeting on September 30 with IRS agents, plaintiffs requested that an installment payment schedule be arranged. Before any plan was approved and on October 1, the IRS levied on Ranger's payroll account and on several customers, demanding payment in full of taxes plus penalties.[8] By the following day, Ranger had raised and paid the entire amount due, $280,715.62.[9]

Shortly thereafter the IRS made further jeopardy assessments and moved to collect the withholding taxes due for the third quarter ending September 30, 1975. On October 14 the IRS notified plaintiffs the taxes were due "immediately," again levying on Ranger's bank account and customers.[10] Plaintiffs insist the IRS' actions were taken as part of a conspiracy to destroy the name of Ranger, Silvercup and Jacobson and not to ensure the full collection of taxes due.[11]

## PRELIMINARY INJUNCTION

Section 7421 of the Internal Revenue Code provides in pertinent part that "[e]xcept as provided in sections 6212(a) and (c), [and] 6213(a), . . . no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court. . . ." Thus the plaintiffs are not entitled to injunctive relief unless (1) the statutory bar of § 7421 is lifted by the statutory exceptions of §§ 6212 and 6213

---

2. Affidavit of Mark Jacobson of October 15, 1975, ¶5 (hereinafter Jacobson Affidavit).

3. Id., ¶9.

4. Id., ¶10.

5. Id., ¶14.

6. Id., ¶27.

7. Id., ¶28.

8. Id., ¶¶28–33.

9. Id., ¶37.

10. Plaintiffs' memorandum in support of its motion, p. 3. A photocopy of the notice indicates the words "within 10 days" were crossed out and "immediately" substituted for time of payment.

11. Jacobson Affidavit, ¶39.

or by the judicially created exception of *Enochs v. Williams Packing & Navigation Company, Inc.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), and (2) preliminary injunctive relief is otherwise warranted.

*Statutory Exceptions to the Anti-Injunction Act*

■ The taxes whose collection or assessment plaintiffs seek to enjoin are withholding taxes imposed upon the employer under § 3402, Subtitle C (Employment Taxes), of the Internal Revenue Code. However, §§ 6212 and 6213 apply only "in respect of any tax imposed by Subtitle A [Income Taxes] or B [Estate Taxes]." See 26 U.S.C. §§ 6212(a) and 6213(a). Clearly then, when withholding taxes are involved, plaintiffs cannot invoke the statutory exceptions to the Anti-Injunction Act which refer to the assessment of income and estate taxes imposed by Subtitles A and B of the Code. See *Bolme v. Nixon,* 239 F.Supp. 907, 910 (E.D.Mich.1965); *Lipsig v. United States,* 187 F.Supp. 826, 828 (E.D.N.Y.1960). Unless plaintiffs can take advantage of the judicial exception of *Enochs, supra,* the statutory bar of § 7421 remains absolute.

*Judicial Exception to the Anti-Injunction Act*

■ The judicial exception of *Enochs, supra,* would allow suit despite § 7421 if the taxpayer meets a two-prong test. The taxpayer must establish that (1) "it is clear under no circumstances could the Government ultimately prevail," *Enochs, supra,* 370 U.S. at 7, 82 S.Ct. at 1129; and (2) "equity jurisdiction otherwise exists." *Id.* The *Enochs* test was recently reaffirmed in *Bob Jones University v. Simon,* 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974). There the Supreme Court refused to create judicial exceptions to § 7421 other than that of *Enochs,* stating, "the Court's unanimous opinion in [*Enochs*] indicates that the case was meant to be the capstone to judicial construction of the Act [§ 7421]." *Id.* at 2048. See

*United States v. American Friends Service Committee,* 419 U.S. 7, 95 S.Ct. 13, 14–15, 42 L.Ed.2d 7 (1974). Plaintiffs must therefore place themselves within the confines of *Enochs.*

■■ Plaintiffs assert the existence of equity jurisdiction, in that irreparable injury will ensue in the form of Ranger's inability to operate its business or pay its employees. This assertion, even if assumed to be true, is insufficient to lift the bar of § 7421. See *Enochs, supra,* 370 U.S. at 6, 82 S.Ct. 1125. Plaintiffs must also establish the government's inability to prevail on any valid theory of tax collection. *Westgate-California Corporation v. United States,* 496 F.2d 839, 843 (9 Cir. 1974); *Botta v. Scanlon,* 314 F.2d 392, 394 n. 1 (2 Cir. 1963). This determination is to be made on the basis of the information available to the government at the time of suit. *Bob Jones University v. Simon, supra,* 94 S.Ct. at 2046.

■ In making jeopardy assessments to collect unpaid withholding taxes and in levying on third parties to collect delinquent taxes, the IRS acted under the authority of § 6862 of the Internal Revenue Code. See 8A Mertens, Law of Federal Income Taxation § 47A.22 and n. 22. That section mandates that:

"(a) Immediate Assessment.—If the Secretary or his delegate believes that the collection of any tax (other than income tax, estate tax, and gift tax) under any provision of the internal revenue laws will be jeopardized by delay, he shall, whether or not the time otherwise prescribed by law for making return and paying such tax has expired, immediately assess such tax (together with all interest, additional amounts, and additions to the tax provided for by law). Such tax, additions to the tax, and interest thereupon become immediately due and payable, and immediate notice and demand shall be made by the Secretary or his delegate for the payment thereof."

■ The decision to make a § 6862 jeopardy assessment is, like a jeopardy assessment under § 6861 in the case of income, estate and gift taxes, subject to very narrow review. Under either section the district director need only believe the collection of taxes will be jeopardized by delay. This court will not substitute its judgment for that of the district director. *Cf. Westgate-California Corporation v. United States, supra,* at 842–43 n. 3. However, it may inquire whether the IRS has proceeded by proper steps under § 6862. See *White v. Cardoza,* 368 F.Supp. 1397 (E.D.Mich. 1973); *cf. United States v. Bonaguro,* 294 F.Supp. 750, 753 (E.D.N.Y.1968).

Plaintiffs raised at oral argument their claims that no valid assessment was made and there was no deficiency. As this court interprets their arguments, plaintiffs contend that the assessment was invalid because they were given neither proper notice of deficiency before assessment nor proper notice of demand before collection by levy. They also urge that as to the third quarter withholding taxes there was no deficiency because the notice received should have read "payment due in 10 days" and not "immediately," and therefore no deficiency could occur before the 10-day period expired, and because no return was due until October 31, one month after the end of the quarter period.

■■ These arguments are without merit. Although the ordinary collection procedures require a notice of deficiency (26 U.S.C. § 6212(a) ) to precede an assessment of unpaid tax (26 U.S.C. § 6201) and a second notice and demand for payment (26 U.S.C. § 6303) to precede any additional steps to enforce collection and payment (26 U.S.C. § 6331), the notice provisions of §§ 6212 and 6213 do not apply to the assessment of withholding taxes. See *Lipsig v. United States, supra,* at 828; *McAllister v. Dudley,* 148 F.Supp. 548, 551 (W.D. Pa.1956); 9 Mertens, Law of Federal Income Taxation §§ 49.131 and n. 63.2;

49.211 n. 41.2. Moreover, the jeopardy assessment route is an extraordinary procedure, operating outside the ordinary framework. Section 6862 permits a jeopardy assessment whether or not the time for filing a return or even payment of the tax has expired. Upon assessment the tax becomes immediately due and payable, and the district director must issue notice and demand for payment in full. See 26 U.S.C. § 6862(a); Treas.Regs. § 301.6862–1.

When a jeopardy assessment is made, the IRS also is empowered with special methods to effectuate collection. Under § 6331 the district director must send notice and demand for payment to the taxpayer and the taxpayer normally is required to pay the amount of the assessment within 10 days. 26 U.S.C. § 6331(a). However, if the district director "makes a finding that the collection of such tax is in jeopardy, notice and demand for *immediate* payment of such tax may be made . . . and, upon failure or refusal to pay such tax, *collection thereof shall be lawful without regard to the 10-day period provided in this section.*" 26 U.S.C. § 6331(a) (emphasis added); see Treas.Regs. §§ 301.-6861–1(f)(2); 301.6862–1(b).

■ Here, jeopardy assessments plus the demand for immediate payment provided the authorized procedural route under which the IRS acted to collect withholding taxes admittedly owed by Ranger. That IRS levied pursuant to the first jeopardy assessment before the 10-day period, and made the second jeopardy assessment payment due "immediately" and not in 10 days, does not render the assessment invalid. Similarly, the notice demanding payment of the third quarter withholding taxes "immediately" and deleting the 10-day period provided on the form, does not indicate there was no deficiency until the expiration of the 10-day period. Undeniably, at the time the notice was sent (October 14), the third quarter taxes were already due and had been since September

30.[12] Plaintiffs have admitted that the taxes in question, withholding taxes of second and third quarters of 1975, were due; they had been delinquent with respect to withholding taxes for the second quarter; and they had represented to the IRS, in requesting deferred payments, that difficulties in payment existed. Plaintiffs have not shown that under no circumstances could the government prevail in its claim for their withholding taxes. Consequently this taxpayer suit is barred by the Anti-Injunction Act.

■ Moreover, whether this court may entertain an action to enjoin the collection or assessment of taxes in the face of the Anti-Injunction Act is a question of this court's subject matter jurisdiction. See *Bob Jones University v. Simon, supra,* at 2052; *Westgate-California Corporation v. United States, supra,* at 841. Having found that the Anti-Injunction Statute, 26 U.S.C. § 7421, applies in this case, this court is without power to grant the requested injunctive relief. Consequently plaintiffs' claim to enjoin the IRS from assessment or collection of these taxes must be dismissed for want of jurisdiction.

Accordingly, plaintiffs' motion for a preliminary injunction is denied, and the complaint, inasmuch as it seeks to enjoin the IRS from the assessment and collection of taxes, is dismissed.

So ordered.

There being no just reason for delay, the Clerk of Court is directed to enter judgment in favor of defendants Internal Revenue Service, Martin Senzer, Dominick Pallila, Raymond Keenan, and Charles Brennan, dismissing the complaint as to those defendants.

---

12. Plaintiffs have confused the IRS regulations governing when withholding taxes are to be deposited by the employer and when a withholding tax return must be filed. The appropriate regulation for depositing withholding taxes is the following:

"If at the close of any monthly period the aggregate amount of undeposited taxes is $2,000 or more, the employer shall deposit the undeposited taxes in a Federal Reserve bank or authorized commercial bank within 3 banking days after the close of such quarter-monthly period." Treas. Regs. § 31.6302(c)–1(a)(1)(i)(b).

In contrast, a return must be filed with respect to income tax withheld by the employer:

"on or before the last day of the first calendar month following the period for which it is made." Treas.Regs. § 31.6071 (a)–1(a)(1).

It is therefore clear that Ranger's deposit for withholding taxes should have been made by October 3, although the return need not have been filed until October 31.