OPINION OF THE COURT
John P. Balio, J.
This is an application by plaintiff employee for a temporary injunction, restraining the defendant employer from withholding any income tax from plaintiff’s pay. The defendant employer has cross-moved to dismiss the complaint for a permanent injunction for failure to state a cause of action (CPLR 3211, subd [a], par 7).
Subsequent to oral argument of the motion, the plaintiff requested the undersigned to disqualify himself from ruling on the motion. The basis for such request is that the undersigned’s son is employed by the defendant, *365 Remington Arms Co., Inc. Disqualification is not mandated by section 33.3 of the Rules Governing Judicial Conduct because the undersigned’s son has reached the age of majority. (See 22 NYCRR 33.3 [c] [1] [iii].) Further, disqualification is not warranted here upon the theory that the son’s employment would be jeopardized by an adverse ruling because the employer would not be financially burdened by an adverse decision and indeed, the personnel manager of Remington indicated that an adverse ruling would save the company considerable paperwork and expense. In sum, the undersigned’s son has no interest that could be substantially affected by the outcome of this proceeding. (22 NYCRR 33.3 [c] [1] [iv] [c]; see, also, Code of Judicial Conduct, canon 3, subd C.) Plaintiff’s request is, therefore, denied.
The defendant contends that it is merely complying with Treasury Regulation 31.3402(n)-l (26 CFR 31.3402[n]-l [1979]) and that the present action for a permanent injunction is barred by the Federal “Anti-Injunction Act” (US Code, tit 26, § 7421, subd [a]). Plaintiff claims that the Treasury regulation is unconstitutional because it permits the Internal Revenue Service to make a judicial determination and thereby denies the employee a proper judicial review and due process of law.
The essential facts are not in dispute. The plaintiff employee submitted a new form W-4 withholding certificate to his employer, claiming exemption from income tax. Pursuant to the Treasury regulation, the employer forwarded the certificate to the Internal Revenue Service (IRS). Thereafter, the IRS notified the employer that plaintiff’s exemption claim should be disregarded and that withholding should be continued as provided by the previously filed withholding certificate. This action then ensued.
With respect to the due process of law contention, the court observes that the plaintiff has not raised any claim that the IRS failed to follow the procedural requirements of Treasury Regulation 31.3402(f)(2)-l(g)(26 CFR 31.3402[f][2]-l[g]) as amended, or that the employer did not follow its requirements under the same regulation.
*366 Federal income tax withholding does not constitute a taking of property without due process of law. (Campbell v Amax Coal Co., 610 F2d 701; United States v Smith, 484 F2d 8, cert den 415 US 978; United States v Shimek, 445 F Supp 884.) A Treasury regulation will be found valid if it implements a congressional mandate in some reasonable manner. (Rowan Cos. v United States, 452 US 247.) The Federal courts have determined that the procedures implemented in this case pursuant to Treasury Regulation 31.3402 (26 CFR 31.3402) do not violate the due process rights of a taxpayer and have upheld the validity of such procedures. (Stonecipher v Bray, 653 F2d 398; see, also, Campbell v Amax Coal Co., supra.) Thus, the court concludes that plaintiff has not been deprived of due process of law by implementation of Treasury Regulation 31.3402 (26 CFR 31.3402) in this case.
Additionally, the Federal “Anti-Injunction Act” constitutes a bar to this proceeding. The statute (US Code, tit 26, § 7421, subd [a]) provides as follows: “Except as provided in sections 6212(a) and (c), 6213(a), 6672(b), 6694(c), 7426(a) and (b)(1), and 7429(b), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.”
None of the statutory exceptions apply in this case. Also, the statutory bar applies to actions against an employer if the effect (as here) would restrain collection of taxes (see Stonecipher v Bray, supra) and applies to actions commenced in State courts (Matter of Willmann, 96 Conn 73; Matter of Simon, 78 Misc 2d 102). More specifically, it applies to actions which seek to restrain the withholding of income taxes. (United States v American Friends Serv. Committee, 419 US 7.)
Therefore, to avoid the statutory bar and the instant dismissal motion, plaintiff must demonstrate (1) that under no circumstance could the defendant employer prevail; and (2) that the taxpayer will be irreparably harmed if the injunction is not granted. (Enochs v Williams Packing & Nav. Co., 370 US 1.) Aside from the constitutional argument, which the court has rejected supra, plaintiff has *367 advanced no claim that he could succeed on the merits with respect to the exemption claim nor can this court perceive of any contention that might be successful. Further, plaintiff has not demonstrated the existence of any irreparable harm, particularly since he could, upon exhaustion of administrative procedures, institute a suit for refund under section 7422 of title 26 of the United States Code. (Bob Jones Univ. v Simon, 416 US 725, 746; Stonecipher v Bray, supra.)
The court concludes that subdivision (a) of section 7421 of the Internal Revenue Code (US Code, tit 26) bars the present action for a permanent injunction and hence, that this court lacks subject matter jurisdiction. (Jacobson v Organized Crime & Racketeering Section of U. S. Dept. of Justice, 544 F2d 637, affg 403 F Supp 1332.) Hence, this action must be dismissed pursuant to CPLR 3211 (subd [a], pars 2, 7). Under these circumstances, defendant’s cross motion is granted, and plaintiff’s motion for temporary relief is denied as moot.